J. B. YATES *against* G. JOYCE.

Where A. the assignee of a judgment against B. which was a *lien* on the property of B., ●s about to ●e out exe-●ion, and ●ze a certain ●t of land, and C. knowing, &c. pulled down and carried away certain buildings, &c. from off the land, whereby A. was deprived of the benefit of his judgment, &c. It was held that A. might maintain an action on the case against C. for fraudulently removing the property of B. and converting it to his own use, with intent to defeat the judgment of A.

THIS was an action on the case. The declaration contained three counts. The first count stated that in the term of *May*, 1809, at *Schenectady*, to wit, &c. *Charles Kane* recovered judgment in the supreme court against *John Joyce* and *Darcy Joyce*, for 3,000 dollars of debt, and 14 dollars and 43 cents damages, which was filed and docketed on the 3d *June*, 1809. On the 11th of *January*, 1812, *Kane* assigned this judgment to the plaintiff, who, on the 8th *June* following, sued out a *test. fi. fa.* to the sheriff of the county of *Schenectady*, returnable on the first *Monday* in *August*, directing him to cause the debt and damages to be made of the goods and chattels of *John* and *Darcy Joyce*, and if sufficient goods and chattels could not be found, then of the lands and tenements whereof they were seised, on the said third of *June*, 1809, &c. The execution was delivered to the sheriff of *Schenectady* on the 8th of *June*, 1812, and on it a direction was endorsed to levy 1,474 dollars and 30 cents, with interest on 1,456 dollars and 56 cents, from the 2d *June*, 1809, till paid; which said writ the plaintiff avers to have been sued out by him, the plaintiff, in the name of *Kane*, for the sole benefit and use of the plaintiff. On the 8th of *June*, 1812, the said sheriff, for want of sufficient goods and chattels, levied upon a certain lot in the city of *Schenectady*, with a dwelling-house, store-house, and other out houses on the same, belonging to the said *John Joyce*, together with all and singular the buildings, &c. the same lot of ground being bound and held by such judgment; yet the defendant well knowing the premises before mentioned, but intending to injure and aggrieve the plaintiff, and prevent his having satisfaction of the said judgment, did, on the 15th of *June*, 1812, wrongfully, &c. take down, demolish, waste, despoil and remove away from the said lot, and convert to his own use, a building of the value of 250 dollars, being part and parcel of the hereditaments and appurtenances of the said lot, &c. well knowing that the same were in execution, and having had notice thereof from the sheriff, to wit, on the, &c. By reason of which premises the plaintiff has been deprived of obtaining satisfaction of the judgment, by virtue of the said writ, and the she-

NEW-YORK,
May, 1814.

YATES
v.
JOYCE.

riff was prevented from selling the same hereditaments, with the lot of ground, and the said lot of ground was sold for a less sum than it would otherwise have been worth and sold for, to wit, the sum of 1,000 dollars, and so the said plaintiff saith he is injured, &c.

The second count stated the judgment and assignment as in the first count. That the said judgment was a *lien* upon that certain lot, &c. And that the said *John* and *Darcy Joyce* had not, at the time of filing and docketing the said judgment, sufficient to satisfy the same, other than the said lot, and two pasture lots, and the right of redeeming seven lots on the *Albany* and *Schenectady* turnpike, and that they then were, and are still, insolvent and unable to pay their debts, &c. That the plaintiff, being minded to cause the said lot to be taken in execution on the said judgment, did, on the 8th *June*, 1812, cause the same to be duly seized and taken in execution; Yet the defendant, well knowing that the said judgment was a *lien*, and that the said *John* and *Darcy Joyce* had no other estate, &c. to satisfy the same, except the said lots, &c. and that they were insolvent, and that the said plaintiff did intend to take the said lots in execution, but contriving, &c. and to defraud him of the recovery and satisfaction of the said judgment, &c. did, on the 8th *June*, 1812, demolish, &c. one barn of the value of 300 dollars, &c. By reason whereof the said lot is made of less value, to wit, the sum of 300 dollars; and the said plaintiff has been deprived of the benefit of the judgment to that amount.

The third count stated the judgment and assignment as in the first, and that the judgment was a *lien* upon that certain lot, &c. Yet the defendant well knowing the premises, but contriving, &c. did, on the 8th *June*, 1812, demolish, &c. one store-house of the value of 250 dollars and one barn of the value of 300 dollars, being part, &c. by reason whereof the said lot is made of less value, to wit, the sum of 300 dollars; and the plaintiff has lost the said sum, and the benefit of the judgment to that amount. By reason of all which premises he has sustained damages to 3,000 dollars, &c.

To the first count the defendant pleaded,

1. The general issue.

2. That *Kane* did not assign in manner and form, &c. and tendered an issue.

3. That long previous to the time of the alleged assignment, and long previous to the time when the said judgment is supposed to have been obtained, to wit, on the 26th *February*, 1805, the said *John Joyce*, for securing the payment of 750 dollars with interest annually, mortgaged to the new loan officers of the county of *Albany*, all that certain house and lot of ground, situate, &c. as the same was conveyed to him, &c. being in breadth, &c. together with, &c. which is the same lot in the first count of the plaintiff's declaration pretended to have been seized and sold under execution; that after the execution and delivery of the mortgage, and before the time of the sale, to wit, on the 30th *May*, 1811, the said *John Joyce* having failed in the payment of the yearly interest due on the mortgage on the first *Tuesday* of *May*, in the said year, the said new loan officers became seised of an absolute indefeasible estate in the mortgaged premises, and the equity of redemption was thereby foreclosed pursuant to the statute, &c.

4. That previous to the seizure and sale, and previous to the assignment, to wit, on the 21st *August*, 1800, the said lot was exposed to sale at public auction by the sheriff of *Schenectady*, by virtue of two writs of *fi. fa.* issuing out of the supreme court against *John Joyce* and a *test fi. fa.* against *John Darcy Joyce*, and was sold to the defendant, he being the highest bidder; and the sum at which the same was struck off having been paid to the sheriff, he executed a conveyance in fee of the lot to the defendant, by virtue whereof the defendant entered into possession, and continued in the reception of the rents and profits until the time of the pretended assignment, and at the time of the pretended seizure was, and for a long time previous had been, in the actual possession of the same, &c.

There was a *replication* to the *third plea*, protesting that the plea is insufficient, and protesting that at the time of the seizure and sale *John Joyce* was in legal possession, and had an estate in fee in the premises, and that the same was bound by the judgment; that there was and is no interest due to the new loan officers, and that *John Joyce* was not foreclosed of all equity of redemption in manner and form, &c. and this he prays, &c.

There was a replication also to the *fourth plea*, protesting that the plea is insufficient, &c. that the judgment in favour of *Kane* was duly filed and docketed in the records of the supreme court, to

wit, in the clerk's office of the said court, at the city of *Albany*, long before the judgments or either of them, upon which the said sale and conveyance to the defendants were made, were filed and docketed, and this the plaintiff is ready to verify, wherefore, &c.

To the *second* and *third* counts there was a *general demurrer* and joinder.

*Foot*, in support of the demurrer, contended that the plaintiff, having a mere *lien* only, and not being in possession, could not maintain any action against the defendant, who is answerable only to the person in possession. The defendant had no license from the tenant in *possession* to enter and remove the building.* Trespass would, therefore, lie against him at the suit of the tenant, and in that action, the defendant could not set up in bar, a recovery in the present suit. There is no precedent for such an action as this, though the case must have frequently occurred.

*J. V. N. Yates*, contra. The question is, whether an action on the case will not lie against a person for fraudulently endeavouring to defeat the plaintiff's satisfaction of his judgment or execution, by removing the property. In principle, the law is in favour of such an action, and analogous cases are to be found in the books. In *Smith* v. *Tonsuall*,† an action on the case was brought by an administrator, *durante minore ætate* of an executor, &c. against the defendant, for conspiring with one *S.* against whom the testator had a judgment, on which the administrator intended to take out execution, to defeat that judgment, by procuring *S.* fraudulently to confess a judgment to the defendant, to whom he owed nothing, and taking out execution on such judgment, and seizing and carrying away the goods of *S.*, which were sufficient to pay the plaintiff's judgment, and took and converted them to his own use, by reason whereof the plaintiff lost his debt. There was a demurrer to the declaration in that case, on the ground that no action would lie, but the court of king's bench gave judgment for the plaintiff, and on a writ of error to the house of lords, the judgment was affirmed.

An action on the case is not brought upon any writ formed in the register, but the writ varies according to the variety of the case. In all cases where a person sustains a temporal loss or damage by the wrong of another, an action on the case lies at

NEW-YORK,
May, 1814.

YATES
v.
JOYCE.

\* *Case* v. *Goes,* 3 *Caines' Rep.* 261.

† *Carth. Rep.* 3. 1 *Danv.* 194. 13 *Vin. Abr.* 553.

NEW-YORK,
May, 1814.

YATES
v
JOYCE.

ᵃ 1 *Com Dig.*
178. *Action on
the Case.*
† *Cro Jac.*
193 *Cro. Eliz.*
701. 1 *Com.
Dig.* 222.

the suit of the party injured to repair the damage.* Where one person does an act, which, if done by two, would amount to a conspiracy, an action on the case lies.†

The common law abhors all manner of fraud, and wherever a person is injured by the fraudulent acts or contrivances of another, it will afford a remedy.

If this court, on affidavit, would have interfered in favour of the plaintiff to prevent the injury, he is clearly entitled to an action to repair the wrong done to him by the defendant. It cannot be objected that the plaintiff is only an assignee of the judgment, for it is alleged in the declaration that the defendant knew of the assignment to him; and this court will protect the rights of an assignee.

*Per Curiam.* This appears to be an action of the first impression. The books do not furnish a precedent in its favour. It is obvious, however, from the statement of the plaintiff's case, in the declaration, the truth of which is admitted by the demurrer, that he has sustained damage by the act of the defendant, which he alleges was done fraudulently, and with intent to injure him. It is the pride of the common law, that wherever it recognises or creates a private right, it also gives a remedy for the wilful violation of it. The facts stated in the declaration being admitted by the demurrer, we are to assume that the plaintiff had acquired a legal *lien* on the property, by means of the judgment in favour of *Kane*, and the assignment of it to himself; and that the injury to the property was done with a full knowledge of the plaintiff's rights. If, then, there is any remedy for him, it is in this form of action only that he can obtain it. Trespass will not lie; for the plaintiff was not in possession. The principle which governed the decision in the case of *Smith* v. *Tonstall*, (*Carth.* 3. 13 *Vin. Abr.* 553.) is somewhat analogous. It was there ruled that an action will lie against the defendant for confessing a judgment by fraud, in order to prevent the plaintiff's having the benefit of a judgment he had obtained against him. It is a sound principle, that where the fraudulent misconduct of a party occasions an injury to the private rights of another, he shall be responsible in damages for the same; and such is the case presented by the pleadings in this cause. The plaintiff must, accordingly, have judgment upon the demurrer.

*Judgment for the plaintiff.*