By the Court,

Cowen, J.
The short of the declaration is, that the [556] Bank of Utica «had a judgment against McBride, which bound his lands; that the plaintiffs held junior mortgages against McBride, which bound tile same lands; that the defendant, as sheriff, in executing a ji.fa., issued at the suit of the Bank of Utica, so negligently managed the personal property of McBride, that it did not bring its full value by 1000 dollars, so that this sum came in upon the mortgaged land and other lands, and took so much out of the plaintiff’s pocket. It is clear that such an action will not lie. The acts of negligence were in executing the ji.fa. of the Bank of Utica, who alone could sue for the negligence. That bank being satisfied, no other corporation or person can enforce any other claim upon the sheriff, unless it be McBride, the original defendant. He might, perhaps, complain of the sacrafice of his property. Before a party can bring an action for negligence, he must show a legal duty to himself. It is not enough that in the careless discharge of his duty to one, the sheriff’s negligence may glance off and indirectly and remotely work an injury to another. Every man who wrongfully subtracts from the substance of my debtor, against whose property I have a lien, may thus disable him from paying me, and let in senior liens. Knowing of my claim and the senior claims, he thus does me an injury. Yet I have no title to an action against him. My debtor alone can bring the suit. If this action be maintainable, every creditor of McBride, of whose debt the sheriff was aware, might, for aught I see, sue him; and if the plaintiff could persuade a jury to believe that by his misconduct, McBride was rendered less able to pay, recover. The law can not, in such cases, look beyond the proximate mischief resulting to a vested right, and do more than redress that mischief at the suit of the person immediately wronged.
Such is the obvious objection to thL action as resting on general principles. There is some difference of words in the several counts. The second count charges the mischief to have been done by the sheriff fraudulently and collusively. Whom he was seeking by such conduct to defraud, [557] we are not told. We must intend that, if anybody, it was either the Bank of Utica or McBride, probably, however, there can be no intendment in the case. The words are merely formal or of course, and mean nothing. I am not disposed to deny, that collusion and fraud with intent to do this mischief to the plaintiffs, might be redressed by an action. It would be like any other fraudulent act, with the purpose of diminishing the value of a mortgage security, or a lien by judgment (Yates v. Joice. 11 Johns. R. 136, 140, and the cases there cited). But surely, to carry the acts here imputed beyond their natural and legal consequences, the object of the fraud should be explicitly pointed out. It is the very gravamen; the material point of the issue, the vital principle of such an action (Lane v. Hitchcock, 14 Johns. R. 213, 214, 215).
Judgment for the defendant.