## Gardner *vs.* Heartt.

A mortgage is a lien upon, and not a title in or to, the land. *Per* Beardsley, J.

No action will lie by the holder of a mortgage against another for *negligently* injuring the mortgaged premises, by which the plaintiff has lost his security.

But an action on the case will lie against one who, *with intent to defraud the plaintiff*, has destroyed or injured the value of premises upon which he has a lien by mortgage or judgment. *Per* Beardsley, J.

The declaration for such an injury must aver that the party personally liable as mortgagor or judgment debtor, was insolvent or unable to pay.

And if this averment be omitted, evidence to that effect cannot be received, though the defendant joined issue instead of demurring.

Case, tried at the Rensselaer circuit in November, 1845, before Parker, C. Judge. The declaration was for negligence in removing earth from a hill called Mount Ida, belonging to the defendant, adjacent to several lots owned by the plaintiff, by means of which, portions of the hill were caused to *slide* down upon the plaintiff's lots, and thereby greatly injured the same. The second count set forth that the plaintiff was the owner of a mortgage given to him by one D. D. Day, to secure $500 and certain other sums, as the purchase price of a piece of land which the plaintiff had sold to Day, adjacent to the hill before referred to, upon which mortgage $500 and upwards was unpaid; that the defendant was the owner of the hill, and on, &c. caused and procured it to be so carelessly, &c. excavated, and the earth to be removed therefrom in such a manner that a part

Gardner v. Heartt.

of the hill slid down upon the mortgaged premises and destroyed the value thereof, and of the mortgage, and the means of collecting the same, whereby the plaintiff sustained damages to five hundred dollars. Plea, not guilty. On the trial, the existence of the mortgage, dated 23d November, 1840, which was for $500, payable on the 25th September, 1845, and for $30 payable annually, on the 25th day of September in each year, from 1841 to 1845, inclusive, was proved; and it was shewn that the mortgaged premises were partly covered with earth which slid down from Mount Ida after the defendant's hands had been excavating at the base of the hill, in February, 1843. Evidence was then given to show that the work was carelessly done, and was calculated to and did produce the injury which followed. The defendant objected to the evidence to shew the injury to the mortgaged premises, on the ground that the declaration did not aver that the mortgagor was insolvent, or that the bond was not collectable, and that it did not state and it had not been shewn, that any part of the mortgage debt had become payable at the time of the injury complained of, and, moreover, that it did not appear that the defendant had conducted wilfully in doing the act which occasioned the injury. The judge overruled the objection, and permitted the evidence to be given, and the defendant excepted. The plaintiff gave evidence to show that Day, the mortgagor, was not responsible. The judge charged the jury that if the slide was occasioned by the negligence of the defendant, the plaintiff was entitled to recover the damages, if any, which he had sustained in consequence of the injury to the mortgaged premises, to which the defendant excepted. Verdict for the plaintiff. The defendant moves for a new trial on a bill of exceptions. The case, when before the court on another question, is reported in 1 *Denio*, 466.

*M. T. Reynolds*, for the defendant, referred to 14 *John.* 213, and 17 *Wend.* 554.

*D. Gardner*, plaintiff, in person, cited 6 *Hill*, 534; 2 *Wend.* 163; 1 *John.* 509; 4 *id.* 406; 11 *id.* 136.

*By the Court,* BEARDSLEY, J.   The only right set up by the plaintiff in the second count, is that of a mortgage lien in his favor, no title to or possession of the land mortgaged being asserted.   It is not stated in this count that the mortgage money was due, but simply that it was secured by the mortgage and unpaid.   The injury complained of is alleged to have resulted from the defendant's negligence, by which the earth was caused to slide upon the land mortgaged, whereby the value thereof, and of said mortgage, as the count has it, was destroyed.   The gravamen of the action as stated in this count, was *negligence,* not *fraud,* for it is not alleged that the defendant had notice of the mortgage lien, or that he intended to do any injury whatever to the plaintiff.

A mortgage creates a specific lien on the land mortgaged, as a judgment duly docketed does a general one on the land of the judgment debtor.   But the mortgagee, as such, has no title to the land mortgaged : he has neither *jus in re* nor *ad rem,* but a mere security for his debt ; title to the land, notwithstanding the mortgage, remaining in the mortgagor.   In this count, however, the injury complained of is not to the plaintiff's land, but to land on which he had a mortgage lien, and by which, as is alleged, said mortgage was destroyed.

No doubt the law will, in some cases, give redress by an action on the case, to a party whose lien by mortgage or judgment has been destroyed or impaired in value : it will do so where the injury was done *fraudulently,* but not where it results from mere negligence and want of due care and attention.   The cases referred to on the argument proceed on this distinction.   In *Yates* v. *Joice,* (11 *John.* 136,) the counts in the declaration demurred to, alleged that the defendant well knew of the plaintiff's lien by judgment, and that said defendant, with an intention to defraud the plaintiff of the recovery and satisfaction of said judgment, demolished and removed from said premises a building standing thereon.   It was argued for the defendant, that the plaintiff having a mere lien, and not being in possession, could not maintain any action against the defendant, who, it was urged, was answerable only to the person in possession of the

Gardner *v.* Heartt.

land. In deciding the case, the court said the action was of the first impression, but it was "the pride of the common law, that wherever it recognizes or creates a right, it also gives a remedy for the *wilful* violation of it;" that it was "a sound principle, that where the *fraudulent* misconduct of a party occasions an injury to the private rights of another, he shall be responsible in damages for the same; and such," said the court, "is the case presented by the pleadings in this cause."

*Lane* v. *Hitchcock,* (14 *John.* 213,) was an action on the case by the assignee and owner of a mortgage, for prostrating and destroying certain buildings on the land mortgaged, by which the value thereof was reduced and the plaintiff greatly damnified. It was held to be a fatal obstacle to a recovery, that the plaintiff had not alleged in the declaration the insolvency of the mortgagor, or his inability to pay the mortgage debt: that the fact of such insolvency or inability was indispensable to give the plaintiff a right of action; and as the declaration contained no such averment, evidence to establish such insolvency or inability was inadmissible. The case of *Yates* v. *Joice* had been referred to as an authority for the action, but the court answered that there the declaration expressly averred the insolvency of the judgment debtors, and the decision was "placed on the ground that the plaintiff was actually damnified by the *fraudulent* misconduct of the defendant." And it was added, that "from the proof in this case, it appears that the mortgaged premises were worth more than the mortgage money, at this time, since the removal of the house and barn. There is no evidence, therefore, that the defendant *intended,* or has, in fact, deprived the plaintiff of the recovery of his money."

The *Bank of Rome* v. *Mott,* (17 *Wend.* 554.) The short of this case, as said by Judge Cowen, "is that the Bank of Utica had a judgment against McBride which bound his lands; that the plaintiffs held junior mortgages against McBride, which bound the same lands; that the defendant, as sheriff, in executing a *fi. fa.* issued at the suit of the Bank of Utica, so negligently managed the personal property of McBride, that it did not bring its full value by 1000 dollars, so that this sum came

in upon the mortgaged land and other lands, and took so much out of the plaintiffs' pocket." It was held to be clear that such an action would not lie: that although the Bank of Utica, or McBride himself, might complain of the negligence of the defendant, the plaintiffs could not. And the judge, in pronouncing the opinion of the court said, "If this action be maintainable, every creditor of McBride, of whose debt the sheriff was aware, might, for aught I see, sue him; and if the plaintiff could persuade a jury to believe that by his misconduct, McBride was rendered less able to pay, recover. The law cannot, in such cases, look beyond the proximate mischief resulting to a vested right, and do more than redress that mischief at the suit of the person immediately wronged." The judge then adverts to the charge in the declaration that the defendant acted *fraudulently* and *collusively*, which is understood to mean that there was fraud and collusion towards the Bank of Utica or McBride, if any body. But it is expressly said, "that collusion and fraud with intent to do this mischief to the plaintiffs, might be redressed by an action. It would be like any other fraudulent act, with the purpose of diminishing the value of a mortgage security, or a lien by judgment. ( *Yates* v. *Joice,* 11 *John.* 136, 149, *and the cases there cited.*) But surely, to carry the acts here imputed beyond their natural and legal consequences, the object of the fraud should be explicitly pointed out. It is the very gravamen, the material point of the issue, the vital principle of such an action."

The principle of these authorities decides this case. They show conclusively, that without a fraudulent intention on the part of the defendant, to injure the plaintiff, the action will not lie: it is not enough to prove that the act done was one of negligence and inattention.

Fraud and negligence are by no means identical in their nature or effect. Fraud is a deceitful practice or wilful device, resorted to with intent to deprive another of his right, or in some manner to do him an injury. It is always positive; the mind concurs with the act: what is done, is done designedly and knowingly. But in negligence, whatever may be its grade.

Gardner *v.* Heartt.

there is no purpose to do a wrongful act, or to omit the performance of a duty. There is, however, an absence of proper attention, care or skill. It is strictly nonfeasance, not malfeasance. This is the general idea, and it marks the distinction between negligence and fraud. In the first, there is no positive intention to do a wrongful act; but in the latter, a wrongful act is ever designed and intended. Negligence, in its various degrees, ranges between pure accident and actual fraud, the latter commencing where negligence ends. Negligence is evidence of fraud, but still is not fraud.

The second count charges negligence and nothing more. If that count was now before us on demurrer, I should hold it to be bad. But it is not here in that form, and we are confined to the points made on the trial. But sufficient appears there to call for a new trial.

The bill of exceptions does not show expressly that a bond accompanied the mortgage, but it may reasonably be inferred from what does appear, that such was the fact. As mortgagor, Day was not bound to pay the mortgage money, (1 *R. S.* 738, § 139,) but he had given a bond for the amount, and therefore was personally bound. As the plaintiff held the personal security of Day for the mortgage money, it was a material part of his right of action, that Day was insolvent or unable to pay But this was not alleged in the declaration. The judge, therefore, erred in permitting evidence to be given to show such insolvency or inability. (*Lane* v. *Hitchcock, supra.*) A new trial on this ground is proper, but as the plaintiff may undoubtedly obtain leave to amend his declaration in this respect, I deem it only proper to say, that I think he cannot recover for damage done to the land mortgaged, without also alleging in his declaration and proving on the trial, that the defendant acted fraudulently, and actually intended to do the injury complained of. This implies that the defendant was aware of the plaintiff's mortgage lien, a fact not alleged in the declaration; and designed by what was done to destroy or impair its value.

New trial ordered.