P. CHAMBERLAIN *vs.* JEFFREY S. BARNES and ALVA MORGAN.

Where a deed of conveyance was given by a father to his son, and a bond and mortgage executed by the latter for the purchase money, for the purpose of hindering, delaying and defrauding creditors, which bond and mortgage were subsequently sold and transferred to the plaintiff, who took the same with notice of the fraudulent object and purpose for which they were given, *it was held* that for all purposes of enforcing such bond and mortgage, or claiming any protection under them, the plaintiff stood in no better situation than the parties to the original fraudulent transaction. And that the law would lend him no aid whatever, in preserving his lien upon the premises, or in making the fraudulent securities available in any respect.

APPEAL by the plaintiff from a judgment entered upon the report of a referee. Jeffrey S. Barnes, being the owner of several village lots in Holley, Orleans county, on the 4th day of September, 1851, sold and conveyed the same to Aaron Barnes his son, and the latter, to secure the payment of part of the purchase money, executed a bond and mortgage to Jeffrey S. Barnes, conditioned to pay $850 in two years, with interest. On or about the 5th day of September, 1851, Jeffrey S. Barnes, by Aaron Barnes, his agent, sold and transferred this bond and mortgage to the plaintiff, and took his note for the same in the sum of $700, payable in two years from its date, with interest. After the sale and transfer of the bond and mortgage to the plaintiff, he delivered the mortgage to Aaron Barnes to have it recorded in Orleans county. Jeffrey S. Barnes took the mortgage from the clerk's office, with the assignment, and delivered the mortgage, note and assignment to the defendant Alva Morgan. Jeffrey S. Barnes, notwithstanding the assignment to the plaintiff, acknowledged satisfaction of the mortgage, and caused it to be discharged of record, without the knowledge or consent of Chamberlain, the plaintiff. Chamberlain still retained the bond. Aaron Barnes then, on the 29th day of November, 1851, reconveyed the mortgaged premises to Jeffrey S. Barnes, and the latter executed a mortgage upon the same to the defendant Morgan for the sum of $900. Morgan not only knew that the plaint-

Chamberlain *v.* Barnes.

iff, Chamberlain, was the owner of the mortgage given by Jeffrey S. Barnes, and assigned, but knew that the note was given on the sale of the mortgage; that it was improperly, and without authority, discharged by Jeffrey S. Barnes, and he took Chamberlain's note as security against such mortgage. Alva Morgan proceeded to foreclose his mortgage by statute, and this action was brought, and the prayer for judgment was, that the satisfaction of the mortgage executed by J. S. Barnes be declared void; and that this mortgage be declared to be a lien upon the land prior to the mortgage of Morgan. The answer set up that the bond and mortgage given by Jeffrey S. Barnes to Aaron Barnes, and sold to the plaintiff, was given to defraud creditors, and that the plaintiff knew this fact when he purchased the mortgage; and claimed that the bond and mortgage and the assignment thereof were void. The referee found the giving of the bond and mortgage by Jeffrey S. Barnes to Aaron Barnes, and the sale of the same to the plaintiff, and the giving of his note for the sum of $700, as alleged in the complaint; that the bond and mortgage were given to defraud the creditors of Barnes, and that the plaintiff knew this fact; that Morgan knew of the mortgage assigned to Chamberlain, and that he was the owner thereof; that Jeffrey S. Barnes let Morgan have the note by agreement with Morgan, to keep until Chamberlain would ratify the discharge of the mortgage and surrender the bond; that afterwards Morgan let Jeffrey S. Barnes take the note, who sold it to Charles Seymour; that it became due, and Seymour sued Chamberlain, who paid the note. The referee declared the bond and mortgage void for the fraud, and dismissed the complaint, with costs.

*M. S. Newton,* for the appellant.

*S. B. Jewett,* for the respondents.

*By the Court,* JOHNSON, P. J.   The referee has found, as matter of fact upon the evidence, that the deed of conveyance from the defendant Jeffrey S. Barnes to his son Aaron Barnes, and the bond and mortgage given back by the latter, were for the purpose of hindering, delaying and defrauding creditors. He also finds that the plaintiff knew, and had notice of, such object and purpose.   The plaintiff therefore, for all purposes of enforcing his bond and mortgage, or claiming any protection under them, stands in no better situation than a party to the original fraudulent transaction.   In this aspect the case falls directly within the principle established in *Nellis* v. *Clark,* (20 *Wend.* 24 ; *S. C.* 4 *Hill,* 424.)   The law will lend him no aid whatever in preserving his lien upon the premises, or in making the fraudulent securities available for any purpose. It is claimed by the plaintiff's counsel that the plaintiff, in respect to his mortgage, stands in the position of a grantee of premises, and even if the mortgage is fraudulent, the defendants cannot dispute its validity.   This would be so if the mortgage conveyed the title to the land, and it became vested in the plaintiff by the assignment.   The law would then, as to the parties and privies, and all claiming under them, or either of them, by grant or assignment, leave the title where the fraudulent act had placed it.   But a mortgage upon real estate has no such effect.   It is a mere lien upon the land and as security for the debt, and carries no title.   (*Gardner* v. *Heartt,* 3 *Denio,* 232.   *Calkins* v. *Calkins,* 3 *Barb.* 505.)   The bond, which is the debt, is clearly an executory contract, and the mortgage being but a security for the debt, partakes of the same character.   The case of *Mosely* v. *Mosely,* (15 *N. Y. R.* 334,) which is relied upon, is not in point. That was the case of a deed, and the long established principle which was applied properly there, has no application here.

The subsequent fraudulent acts of the defendant Barnes, in executing a satisfaction of the mortgage, and transferring the plaintiff's note, do not help the plaintiff.   Those acts, fraudulent and injurious as they certainly were, did nothing towards

purging the bond and mortgage of their original taint. And it is precisely because of this taint, that the law withholds from them any aid, protection or regard.

The judgment must therefore be affirmed.

[MONROE GENERAL TERM, December 7, 1857. *Johnson, T. R. Strong* and *Welles,* Justices.]