By the Court, Robertson, Ch. J.
There can be no question as to the right of the plaintiff to recover whatever damages he sustained by injury to the buildings or the premises mortgaged to him, so far as he lost or was likely to lose thereby, any part of the debt secured by such mortgage, which he could otherwise recover. But if the evidence in the case can be appealed to, it would show that in the action for the sale of such mortgaged premises, the amount due the plaintiff was about seven hundred and fifty dollars, and he bought them with the buildings destroyed, subject to a prior mortgage, for the sum of one thousand dollars, which exceeded the amount due. That tended to show, and without further explanation would have shown, that as mortgagee he suffered no injury by the destruction of such buildings.
The claim made on behalf of the plaintiff is, that he became owner in fee of the land mortgaged and the buildings upon it, either by the judgment of sale thereof in the action to enforce his mortgage, or by his subsequent purchase, or by one or both, assignee of any claim of the owner for damages. It will not be contended that he derived, or could derive, any more benefit, from his purchase at the sale, than any other purchaser, at the same sale would have done. On the contrary, it was not uncommon, formerly, to insert in a decree of sale an express provision permitting-a mortgagee to become a purchaser, as a.favor.
The judgment of sale of the premises, obtained by the plaintiff, was not a foreclosure of the equity of redemption of the owner by its terms, until a sale of the premises took place under it, when, like all judicial sales, the title of all the parties in the action to the premises passed to the purchaser.
The city of New York becomes by law simply the insurer against the destruction by a riot of property brought within its limits ; for damages arising; from which, it is bound to indem *200 nify parties interested, to the extent of their interest only ; although the injury may be done to realty, the cause of action which arises is simply personal, and does not attend upon or pass with the title to the realty. Any sale of the latter will therefore not necessarily pass the right to the former. It is not impossible that as such insurers, that city may be responsible both to an absolute owner and a mortgagee; to the former for injury to his property, and to the latter for injury to his- security. It is possible that in such case, on paying the mortgagee for his damages, which would pro tanto diminish the owner’s debt on the mortgage, the city may be entitled tq be subrogated to his rights, as regards the security for such debt) and to offset the sum so paid against a claim by the owner. But the only question in such action, brought against the city for injury- by a riot, must be the extent of damages to the plaintiff, without regard to the right of any one else.
The doctrine'of the English courts, that a mortgagee isa conditional grantee of the land, who becomes absolute owner at law on the taking effect of the condition by a failure to pay the mortgage at the time fixed, subject only to a right in a court of equity to redeem, never prevailed-in this state. - The case of Kortright v. Cady, (21 N. Y. Rep. 343,) would seem to establish the doctrine that forfeiture by failure to comply with the terms of a mortgage, gives no new right, notwithstanding statements to the contrary in earlier cases. (Peterson v. Clark, 15 John. 205. Aymar v. Bill, 5 John. Ch. 570. Cooler v. Whitney, 3 Hill, 95. Southworth v. Van Pelt, 3 Barb. 347.) It has been always held that the mortgagor was seized and owner as to all but the mortgagee, (Hitchcock v. Harrington, 6 John. 290,) and that the latter had only a chattel interest by way of security. (Jackson v. Willard, 4 John. 41. Clute v. Robison, 2 id. 595.). He is even liable in trespass to the owner, (Runryan v. Mersereau, 11 John. 534;) cannot convey or mortgage his interest in the' land, separately from the debt, (Aymar v. Bell, ubi sup;) and cannot, before forfeiture, maintain an action of trover for trées cut down by the mortgagor, although they were his property as *201 part of the freehold. (Peterson v. Clark, ubi sup.) If the mortgage he forfeited, a stranger cannot avail himself of it as an outstanding title, for a defense. (Jackson v. Myers, 11 Wend. 535. Raynor v. Wilson, 6 Hill, 469.) If legally in possession, the mortgagee or his assignee may, it is true, maintain himself there under his mortgage in order to collect the rents and profits until it is paid, (Munroe v. Merchant, 26 Barb. 383;) and a purchaser on an execution upon a judgment obtained for. the debt, becomes an assignee of the mortgagee for the same purpose. (Jackson v. DeLancy, 13 John. 537.) And, finally, the case of Stoddard v. Hart, (23 N. Y. Rep. 556,) settled that a mortgage is only a lien on, not a title to, lands. A mortgagee, after forfeiture, has been held to be entitled to bring an action of waste against the mortgagor or any one claiming under him, where it impairs his security, and perhaps even before forfeiture, (Southworth v. Van Pelt, 3 Barb. 347; Van Pelt v. McGraw, 4 N. Y. Rep. 110;) but he must show in such action that by reason of the mortgagor’s insolvency, and the inadequate value of the premises, he has been actually damnified. (Lane v. Hitchcock, 14 John. 213. Gardner v. Heartt, 3 Denio, 232. Yates v. Joyce, 11 John. 136.) In Laflin v. Griffiths, (35 Barb. 58,) the plaintiff was mortgagee in possession, and such possession, and the right to the rents and profits of the land, was prejudiced by taking away the fixtures ; his subsequent purchase of the land and merger of the mortgage were held merely not to waive or take away his right of action.
In the present case, the plaintiff was not in possession, and did not establish any ultimate injury to the security for his debt, by the acts of the rioters in question ; he therefore was not entitled to recover.
The exceptions being well taken, the verdict must therefore be set aside, and the case go back for a new trial, with costs to abide the event.