JAMES H. VANDEMARK, APPELLANT, *v.* JOSEPH SCHOON-MAKER AND EGBERT SCHOONMAKER, JR., RESPONDENTS.

*Waste — judgment creditor — when injunction granted on application of, to prevent waste.*

Where a judgment is a lien upon but one piece of real estate, from which alone satisfaction of the judgment can be obtained, the judgment debtor being dead, and where such real estate is an inadequate security for the payment thereof, a court of equity will, upon the application of the judgment creditor, restrain one in possession of said real estate from the commission of waste thereon by cutting and removing timber and wood therefrom, where such acts diminish

the value of the premises, and thereby impair the only security upon which the creditor must rely for payment of his debt.

APPEAL from an order denying a motion for an injunction to stay waste.

The plaintiff was a judgment creditor of the defendant's devisor, with judgment liens on the premises on which it was alleged the defendants were committing waste. The complaint alleged, among other things, " that said judgments have not been paid, or any part thereof; that the said Frederick W. Schoonmaker departed this life about the —— day of —— 1872 ; that the personal estate of the said Schoonmaker has been settled by the executor under the will of the said Schoonmaker, and that under the decree and directions of the surrogate of Ulster county, there is due and payable to this plaintiff out of the personal estate of the said deceased to apply on said before stated judgments the sum of about $300, but that said sum has not yet been paid to this plaintiff.

" That the said plaintiff has no other fund, property or security out of or from which to collect or obtain the said judgments than the real estate hereinafter described, which said real estate belonged to the said Frederick W. Schoonmaker deceased, in his lifetime, and is all the real estate of which he died seized, and upon said real estate the said before stated judgments of this plaintiff are liens. * * * That the entire value of such real estate does not exceed the sum of $3,000.

" That said premises are incumbered by a mortgage now held by the Ulster County Savings Institution in the sum of principal, interest and costs of about $1,750, such lien being prior to the lien of the judgments of this plaintiff; that this plaintiff is the owner and holder of claims against the said Frederick Schoonmaker, deceased, on which said claims he has recovered judgment against the executor of said Frederick W. Schoonmaker, deceased, for the sum of $762.36 principal, interest and costs, and which said claim he intends to present against his said real estate besides the judgments before stated ; and that there is no fund, property or security to pay said claims except the said real estate as before stated.

" That the above defendants are two of the devisees of said real estate and own an undivided interest therein ; and that such defendants are of no pecuniary responsibility.

"That there is upon said real estate some valuable timber, which adds greatly to its value, and the cutting and removal of which would greatly impair its value; that the above defendants and their servants and agents are now engaged in cutting and removing such timber and doing waste on said premises and greatly impairing its value, and by so doing impairing and jeopardizing the security of the plaintiffs; that said property with the timber and wood upon the same is insufficient to pay and satisfy the claims of this plaintiff. * * * Wherefore, the said plaintiff demands the judgment of this court that the said defendants, their agents and servants, or each and every one of them be restrained and enjoined from cutting down, falling or impairing any timber, trees or underwood standing or growing on said premises, * * * and that an injunction issue pending this suit restraining, during the pendency of this suit, the acts complained of."

The court at Special Term held that he was not entitled to such relief, and made an order denying his application for an injunction. From such order the plaintiff appealed to the General Term.

*Barnard & Fiero*, for the appellant.

*Chas. A. Fowler*, for the respondents.

BOCKES, J.:

The denial of the injunction order at Special Term was based on the assumption that the plaintiff, as judgment creditor, and having but a general lien on the lands, had no standing in the court to claim its protection against the commission of waste thereon by the defendants. Perhaps this position would be sound in case no other facts were alleged, than such as showed the general lien and the acts of waste; and, indeed the authorities sustain this position. But the question here presented is of broader import on the facts laid before the court. It is averred that the premises are an inadequate security for the satisfaction of the plaintiff's liens, and that his only remedy or chance for obtaining payment is limited thereto, and that the alleged acts of waste in which the defendants were engaged would, if persisted in, materially injure his security,

and to a very considerable extent deprive him of the benefits thereof. Thus, as is insisted, the plaintiff has rights to be preserved, with no adequate means of relief against the alleged wrongs save through the exercise of the equity powers of the court by injunction. Were the plaintiff's liens specific, as by mortgage, there would be no question about his right to relief, by injunction, on the state of facts here presented. He could then invoke the equitable aid of the court, and be protected from injury caused by the commission of waste. The question then is, should not a party having a general lien be also protected, *when surrounded by facts establishing similar and equal equities?* In the one case the property stands alone pledged as security for the debt, by the act of the party; and in the other it so stands by operation of law. To this property and to this alone, according to the facts averred, is the judgment creditor limited, equally as if he were mortgagee. If, therefore, he may be protected in the one case, why not in the other? In neither has the party an adequate remedy, or, indeed, any remedy at law. But in both he may be fully protected, through the exercise of the restraining power of the court, against an admitted and palpable wrong. Waste has always been a subject of chancery jurisdiction. It is generally irreparable in its results, hence especially within the restraining power of that court. And it has been well remarked that courts of equity will exercise a liberal jurisdiction in respect to waste, and in its restraint.

Waste, to the injury of a lien-holder of property is an abuse of right, and will be prevented, because against equity and good conscience. In recognition of this principle, relief by injunction may be demanded, and it will be granted by the courts according to the exigencies of cases as they arise. So, it is said in Willard's Equity Jurisprudence (Potter's edition, page 408) : " It is hardly possible to lay down any rule that shall limit the power and discretion of the courts as to cases in which injunctions should or should not be granted; nor would the attempt so to do be wise. It is impossible to foresee all the exigencies of society which may require their aid and assistance to protect rights or redress wrongs." And Judge STORY, in speaking of the wrong and injury here under consideration (waste), says : " The jurisdiction of courts of equity to interpose by way of injunction in cases of waste, may be referred to the

broadest principles of social justice." He adds: "It is exerted when equitable rights and equitable injuries call for redress, to prevent a malicious, wanton and capricious abuse of their legal rights and authorities by persons having but temporary and limited interests in the subject-matter." (Story's Equity, § 919.) Thus the courts, acting in accordance with these enlightened and liberal sentiments, have gradually enlarged their scope of action in the exercise of their restraining powers, and they now interpose to prevent wrongs and injuries if, from any cause, the party is remediless at law. Now, under the facts here presented, the plaintiff is without remedy at law. He can be protected in his rights only by injunction. Without relief in that form he must suffer irreparable injury. The law has given him rights; will not the law then vindicate and protect them? If not, the rights thus bestowed are delusive and valueless. But we are not wholly without judicial authority on this question. In *Tessin* v. *Wyse* (3 Bland's Ch. R. [Md.], 28–61) an injunction was granted to stay waste in a case where the party had obtained a decree for the sale of premises for the payment of a decedent's debts. It was there shown to the court that the defendants, before and since the decree (or judgment), had been and then were felling and carrying away and selling timber and trees from the land, and that the whole of the real estate of the deceased would be insufficient to pay the plaintiff's claim; whereupon it was held that the estate would be immediately protected from injury and loss until *a sale could be effected*, and an injunction was granted.

Here there was no act of the party by way of pledge as there is said to be in the case of a mortgage, but a right secured by compulsory proceedings in the court. This right so obtained was protected by injunction. This subject is treated with marked ability, clearness and entire fairness in *Camp* v. *Bates* (11 Conn., 50). It was there held, that where land of an insolvent debtor has been attached in a suit at law, it is competent for a court of chancery, during the pendency of such suit, to enjoin him against the commission of waste. The case cited differs from the one in hand in this, that the lien was by attachment instead of by judgment. Both, however, are liens procured by compulsory proceedings, not voluntary pledges by the debtor; and the right to protect *a lien* on

real estate, obtained through legal proceedings, was considered and declared in the case cited. WILLIAMS, Ch. J., says: "The land, then, upon which the waste complained of is committed, is the land of the defendant, taken into the custody of the law to secure the plaintiff's debt. It is, in short, a pledge for the debt, taken by the creditor, not by the debtor's consent, but in pursuance of the provisions of law. *It is a lien thus created.*" So here the judgment is a lien, by which the land stands pledged for the debt by operation of law. As Judge WILLIAMS remarked: "The question then arises, does the law give this privilege, and then leave the debtor to take it away or destroy it? Does the law give a privilege, and allow a party against whom it is given to render it useless? Is a court of chancery so entirely impotent, or is it so fettered by its own rules that this may be done, and the court have no power to prevent it?" These significant inquiries the learned judge answers in the negative, and in the course of his argument observes, with reference to the power of the court to protect the lien holder, that the case *in principle* seems much like that of a mortgagee; that in both cases the land is appropriated as security for the debt. "Why then," he asks, "should not a court of chancery have the same power to prevent waste upon this property in the one case as well as the other? If it is done in the one case, that the security given by the party should not be destroyed, it should be done in the other, that the security *given by the law* should not be destroyed;" and he adds, "surely the law must be as anxious to guard its own enactments as the promises of the parties themselves." The decision in *Rohrbach* v. *Germania Ins. Co.* (62 N. Y., 47) has, I think, also direct bearing on this case. The reasoning and conclusion of the learned judge who spoke for the court in that case, sustains the views above expressed. It is there held, in effect, that a judgment creditor and a mortgagee stand upon the same footing as regards the real property on which they have liens, when the creditor makes a case showing that he must look to such property *alone* for satisfaction of his claim. Judge FOLGER says, as the real estate was bound by the lien, "as it alone was bound, as there was naught else, nor any person liable for the debt, it is difficult to see why, in effect, the debt was not as if a specific lien upon this real estate." He well adds that

although the judgment lien may not be in technical language a specific lien upon that real estate, yet it is true, in fact, that there is a specific piece of property from which alone satisfaction must be obtained, which is alone legally bound; and that practically the judgment creditor is just like one to whom that piece of real property has been specifically pledged for a specific debt; and the learned judge adopts, with approval, the remarks of Judge DENIO, in *Herkimer* v. *Rice* (27 N. Y., 163), that "creditors, having no other means of enforcing their debts, but having a direct and certain right to subject the real estate to a sale for their benefit, have an interest as positive and absolute as one having a specific lien." We are cited to the case of *Lanning* v. *Carpenter* (48 N. Y., 408), as an authority in support of the decision of the Special Term. But what was there decided was this: that a judgment creditor, having but a general lien on his debtor's lands, could not recover damages for waste committed before sale under his judgment. The greater, then, the reason why his lien should be protected in equity, until he could make it of value according to the forms of law. On this point, however, see *Yates* v. *Joyce* (11 Johns., 136); *Southworth* v. *Van Pelt* (3 Barb., 347, on page 350, *et seq.*); *Gardner* v. *Heartt* (3 Denio, 232). The action *for damages* for waste after sale is given by statute. (2 R. S. [Edm. ed.], 347, §§ 20–23.) But neither the decision in *Lanning* v. *Carpenter* nor the statute referred to deprives a party of his equitable remedy to stay waste under the facts here presented; and the decisions which are supposed to maintain the doctrine that a general lien-holder may not have the remedy here sought, as is remarked by Judge FOLGER in *Rohrbach* v. *Germ. Ins. Co.* (*supra*, p. 55), go "very much upon the fact or assumption that the judgment debtor had other property, real or personal, to look to than the real estate damages; and that they do not touch the case of a judgment creditor whose only or principal reliance for payment was upon the property destroyed." It seems monstrous injustice to permit the only security a judgment creditor may have from which to obtain satisfaction of his claim to be destroyed and lost to him, by the act of a party without right, or whose rights, if any he may have, are entirely subordinate to the judgment lien. It may be asked, with emphasis, whether the law gives the creditor a lien, yet leaves the debtor, and

even third persons, to destroy or take it away; whether a court of chancery is so utterly impotent that this may be done without the power to prevent it. In my judgment the lien-holder, in a case like this now before the court, is entitled to have his lien protected to him upon the commonest principles of rational justice; and his sole protection is in the restraining power of the court.

The order appealed from should be reversed, and a preliminary injunction should be granted according to the prayer of the complaint; and the appellant is entitled to ten dollars costs of the motion, and ten dollars costs and disbursements on the appeal. These costs, however, should be made to abide the event of the suit; to be allowed to the plaintiff only in case he should establish his cause of action.

BOARDMAN, J., concurred.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Order reversed and injunction granted; ten dollars costs of appeal and printing, and ten dollars costs of motion to the plaintiff to abide the event of the action.