## MORGAN *v.* GILBERT.

*(Circuit Court, W. D. Michigan, S. D. April 22, 1880.)*

MORTGAGOR AND MORTGAGEE—INJURY TO SECURITY.—Where the mortgagor is insolvent, a mortgagee may maintain an action for an unauthorized injury to the mortgage security.

Trespass on the case. Tried without a jury.

*Simonds & Fletcher*, for plaintiff.

*Champlin & More*, for defendant.

WITHEY, D. J. On the second of January, 1875, the members composing the firm of Colby & Co. owned and mortgaged lands to plaintiff to secure the payment of $25,000; among other lands, lot No. 2, of section 10 north, of range 7 west, situated in Montcalm county, Michigan, on which was pine timber constituting the principal value of the premises. Ten thousand dollars, with interest, were payable July 2, 1876, and $15,000, and interest, January 2, 1877.

In January, 1878, while the mortgage remained wholly unpaid, defendant entered upon said premises, and cut and removed 650,000 feet, board measure, of pine timber, of the value of $1,300, or two dollars per 1,000 feet. It was without the knowledge of plaintiff, who alleges that thereby defendant "greatly injured and damaged said premises," etc., "whereby the plaintiff's security for the said sum of $25,000 and interest was greatly lessened, impaired and destroyed, to the plaintiff's damage," etc.

Defendant pleaded the general issue.

It appears that defendant and the mortgagors, after the date of the mortgage, agreed to exchange the pine upon their respective lands for convenience in hauling, defendant to pay $1,000 as the difference in value, he to have the pine in question. Defendant paid part of the $1,000 to the mortgagors, Colby & Co., and the balance was subsequently paid to their assignees in bankruptcy.

When the mortgage was given there were over 13,000,000 feet of pine timber on the mortgaged land. At the time defendant took the timber in question from this particular lot the quantity remaining on the entire tract had been reduced to about 6,500,000 feet by Colby & Co., in their lumbering business, and with the knowledge and consent of plaintiff, but upon an understanding between them not necessary or material to be stated.

It further appeared that at the time of the agreement to exchange timber defendant was informed by Colby & Co. that they had no right to permit the timber to be cut without the consent of the mortgagee.

There was a prior mortgage upon the lands covered by

plaintiff's mortgage of $10,000, which plaintiff bought for $6,000, subsequent to the alleged trespass, and caused to be discharged of record.

Pending a suit by the mortgagee to foreclose the $25,000 mortgage, and prior to bringing this suit, but subsequent to the alleged trespass, he accepted a quitclaim deed of the mortgaged premises from the assignees in bankruptcy of the mortgagors, whereby the mortgage and the debt became merged in the fee thus acquired.

At the time the timber was taken there was due on the mortgage, of principal and interest, about $32,875; amount plaintiff paid for prior encumbrance, $6,000; making, as the total lien, $38,875.

The value of the security is shown to have been as follows:

| | |
|---|---:|
| On the mortgaged land was a steam mill worth - | $20,000 |
| Six million five hundred thousand feet of pine timber, at two dollars, - - • - | 13,000 |
| Value of the land without the timber, - - | 1,964 |
| | $34,964 |

From which it appears the value of the security did not equal the amount of the lien into nearly $4,000.

The declaration counts upon damages to the premises and to plaintiff's security, and it is claimed that any reduction of the mortgagee's security gives the right of action.

We are of opinion that if plaintiff can recover it must be for an injury to his security, and on the ground that it was inadequate. In Massachusetts the legal title is in the mortgagee, who may sue for an injury affecting the mortgaged estate, though not in possession, and the owner of the equity of redemption has no more right than a stranger to impair the security of a mortgagee by permanent injury and depreciation of the mortgaged estate. It has there been held that the damages are measured by the extent of injury to the property, and do not depend upon proof of the insufficiency of the remaining security; that the mortgagee is not obliged to accept what remains, but is entitled to the full benefit of the entire mortgaged estate for the full payment of his entire

debt. *Gooding* v. *Shea*, 103 Mass. 360; *Byron* v. *Chapin*, 113 Mass. 308. See, also, *Sanders* v. *Reed*, 12 N. H. 558; *Smith* v. *Moore*, 11 N. H. 551; 5 N. H. 54; and *Hutchins* v. *King*, 1 Wall. 54. But in *Kings* v. *Bangs*, 120 Mass. 514, it was held, in an action by the mortgagee against one who had injured the mortgaged property by removal of fixtures, that evidence that the mortgagee under the power in his mortgage sold the premises for more than enough to pay his debt and all prior encumbrances is admissible in mitigation of damages.

In Illinois the mortgagee is held to be the owner of the fee, as against the mortgagor or those claiming under him, and may have an injunction to stay waste upon the mortgaged lands. He is entitled to all the rights and remedies which the law gives to an owner. *Nelson* v. *Pinegor*, 30 Ill. 473.

In New York a mortgage constitutes a lien upon and does not vest title to the land in the mortgagee. This is the law in Michigan, where the title remains in the mortgagor. Wherever such is the relation of mortgagor and mortgagee to the mortgaged property, the rule is that the mortgagee may maintain suit against one who impairs his security, and the damages are limited to the amount of injury to the mortgage as a security, however great the injury to the land may be. *Van Pelt* v. *McGraw*, 4 Comstock, 110. It has been in some cases held necessary to show that the mortgagor is insolvent or not personally responsible for the debt. See *Gardiner* v. *Heartt*, 3 Denio, 232; *Same* v. *Hitchcock*, 14 John. 213; *Yates* v. *Joyce*, 11 John. 136; *Wilson* v. *Maltby*, 59 N. Y. 126; *Jones* v. *Costigan*, 12 Wis. 757; *Buckout* v. *Swift*, 27 Cal. 436.

Upon the general doctrine as stated, where title remains in the mortgagor, see *State* v. *Weston*, 17 Wis. 757; *Jones* v. *Costigan*, 12 Wis. 757: *Jackson* v. *Turrell*, 39 N. J. 329, in a well-considered case. It is not necessary to say what the rule would be in Michigan in a suit by a mortgagee, when the mortgagor is personally liable and pecuniarily responsible. In the case at bar the mortgagors were insolvent. One case lays stress upon the intent with which the injury was

committed, *(Gardner* v. *Heartt*, 3 Denio, 232,) which we do not follow.

We are not aware of any decision by the supreme court of Michigan touching the right of a mortgagee to maintain an action for an injury either to the mortgaged premises or to his security. We entertain no doubt that the common law gives a remedy to a mortgagee against one who, by an unauthorized act, has so far injured his security as that damage results. The cases in New York, New Jersey, and Wisconsin, where the rights of a mortgagee are the same as in Michigan, are authority for this view. The court, therefore, finds that the plaintiff is entitled to judgment against the defendant for the sum of $1,300. It is also found that defendant had no valid license from the mortgagors, as against the mortgagee, to cut and remove timber from the mortgaged land.

The plaintiff is entitled to judgment against the defendant for the sum of $1,300. Judgment will be entered for that amount, with costs.