No. 8606.

THE STATE, EX REL. TRAVELLERS INSURANCE COMPANY, *v.* HARRIS ET AL. ·

OFFICERS.—*To Whom Liable.*—An officer is liable for breach of official duty only to the person to whom the duty is owing.

OFFICIAL BOND.—*County Treasurer.*—*Taxes.*—A mortgagee can not maintain a suit upon a county treasurer's bond for failure to make taxes of the mortgagor out of his personal property.

SUPREME COURT.—*Cross Errors.*—Where a complaint is fatally defective, and it appears that no amendment can make it good, the Supreme Court will affirm the judgment on the assignment of cross errors, and will not remand the case with leave to amend.

From the Newton Circuit Court.

*F. H. Levering, A. Wolcott, D. V. Burns* and *C. S. Denny*, for appellant.

*S. P. Thompson* and *T. Thompson*, for appellees.

ELLIOTT, J.—The controlling question in this case is, can a mortgagee maintain an action on the official bond of a county treasurer for the failure of that officer to make taxes assessed against the mortgagor out of personal property owned and held by him within the county?

The failure of the treasurer to levy on personal property does work some injury to the mortgagee, for it adds to the burdens borne by the mortgaged land, and thus lessens the value of the security; but, while this is true, it is also true that the injury is indirect and remote. It is not enough in any case for a plaintiff, who seeks to recover for an injury caused by the negligence of another, to show simply injury and negligence; he must also show that there was a breach of duty owing to him. This general rule applies with peculiar force to persons who sue for injuries caused by official misconduct. It is not every person who sustains an injury from the negligence of a public officer that can maintain an action on the officer's bond.

In general, a public officer is liable only to the person to whom the particular duty is owing, and the ruling question in all cases of the kind is as to whether the plaintiff shows the breach of a particular duty owing to him. It is not sufficient to show a general public duty, or a duty to some other person directly interested. Judge Cooley says: "But the sheriff can only be liable to the person to whom the particular duty was owing; 'the party to whom he is bound by the duty of his office.'" Cooley Torts, 394, n. 1. In another elementary treatise it is said: " It is a general rule that, wherever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he has an interest in the performance of the duty, and that the duty was imposed for his benefit." Shearman & Redf. Neg., section 174. The adjudged cases illustrate and enforce this principle. In *Har-*

*rington* v. *Ward*, 9 Mass. 251, it was said : "No action lies against the sheriff, either for his own default, or for that of his deputy, but at the suit of one to whom the sheriff is bound by the duty of his office. In relation to a suit pending, whether in the service of the original writ, the execution, or any intermediate process, he is answerable for his neglects to none but the plaintiff or the defendant in such suit." The same principle is laid down in the cases of *Compton* v. *Pruitt*, 88 Ind. 171 ; *Gardner* v. *Heartt*, 3 Denio, 232 ; and *Bank of Rome* v. *Mott*, 17 Wend. 554. In the last case cited, COWEN, J., said : "The law can not, in such cases, look beyond the proximate mischief resulting to a vested right, and do more than redress that mischief at the suit of the person immediately wronged." The case of *Strong* v. *Campbell*, 11 Barb. 135, is an interesting and instructive one. It appeared in that case that a statute provided for the publication of the list of uncalled for letters, and that it should be made in the newspaper having the largest circulation in the town. Plaintiffs were publishers of such a paper ; publication of the list was denied them, and it was held that they could not maintain an action, the court saying : "To give a right of action for such a cause, the plaintiff must show that the defendant owed the duty to him personally. Wherever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he had an interest in the performance of the duty, and that the duty was imposed for his benefit." If we look to kindred cases we shall find strong support for this view, for the analogy is close and full. Thus, in cases against attorneys for negligence, it is well settled that only the person with whom the attorney contracted can maintain the action, for it is to him alone that he owes a particular duty. *Fish* v. *Kelly*, 17 C. B. N. s. 194 ; *Savings Bank* v. *Ward*, 100 U. S. 195 ; *Com.* v. *Harmer*, 6 Phila. 90 ; *Robertson* v̂. *Fleming*, 4 Macq. App. Cas. 167. In *Ware* v. *Brown*, 2 Bond, U. S. C. C. 267, a notary public had made a false certificate to a deed, and it was held that no one but the party to the original deed could maintain an action.

So where a recorder gives an erroneous certificate, an action can be maintained only by the person to whom it was given. *Houseman* v. *Girard, etc., Ass'n*, 81 Pa. St. 252; *Wood* v. *Ruland*, 10 Mo. 143. Builders of public works are answerable only to their employers for want of skill and care in executing their contract. *Mayor, etc.,* v. *Cunliff*, 2 N. Y. 165; *Pickard* v. *Smith*, 10 C. B. N. s. 470; *Castle* v. *Parker*, 18 L. T. Rep. N. s. 367. A railway company is not liable to an interloper for injuries resulting from negligence. *Lary* v. *Cleveland, etc., R. R. Co.*, 78 Ind. 323, S. C. 41 Am. R. 572; *Everhart* v. *Terre Haute, etc., R. R. Co.*, 78 Ind. 292 (41 Am. R. 567). In *Winterbottom* v. *Wright*, 10 M. & W. 109, the plaintiff proved that a mail coach had been defectively constructed; that it was constructed under a contract with a public officer, and that because of its defective construction plaintiff sustained an injury; and the court denied a recovery, upon the ground that the coach-maker owed plaintiff no duty. Lord ABINGER, in the course of his opinion, said : "Unless we confine the operation of such contracts as this to the parties who entered into them, the most absurd and outrageous consequences, to which I can see no limit, would ensue." This corresponds with Judge CLIFFORD's statement, that "There would be no bounds to actions and litigious intricacies if the ill effects of the negligence of men may be followed down the chain of results to the final effect." *Savings Bank* v. *Ward, supra.* In *Dale* v. *Grant*, 5 Vroom (N. J.) 142, it was held that an action would not lie in favor of a customer against a wrong-doer, who stopped the machinery of a manufactory and prevented the manufacturer from performing a contract, and thereby caused loss to the plaintiff, to whom the manufacturer had agreed to furnish goods. The court said : "But the law does not attempt to give full reparation to all parties injured by a wrong committed. If this were so, all parties holding contracts, if such exist, under the plaintiffs and who may have been injuriously affected by the conduct of the defendants, would be entitled to a suit. It is only the proximate injury that the law endeavors to compensate; the

more remote comes under the head of *damnum absque injuria.*" Interesting discussions of kindred questions are contained in *Loop* v. *Litchfield*, 42 N. Y. 351, S. C., 1 Am. R. 543; and *Anthony* v. *Slaid*, 11 Met. 290.

A departure from these settled and salutary principles would. involve us in doubt and confusion; once departed from there would be no rule by which the liability of sureties on official bonds could be measured. Everything would be involved in uncertainty, and sureties might be harassed by actions for causes never contemplated. If we say a mortgagee may maintain an action like this, then is there any reason why a judgment creditor, the holder of a mechanic's lien, the possessor of a vendor's lien, or even the owner of a tax title, might not successfully sue? If we abide not by the settled rules, who shall set limits, and what shall be the guide?

The only case we have found in conflict with the doctrine here approved is *Raynsford* v. *Phelps*, 43 Mich. 342, and we can not yield to it, although the opinion was prepared by Judge COOLEY, a judge whose opinions are always entitled to respect. It seems to us that the doctrine of that case can not be harmonized with the rule declared in the learned judge's work on torts, to which we have already referred. The error in the decision under immediate mention is, we deferentially submit, clearly proved by the nicely drawn and accurately marked distinctions found in the author's discussion of the liability of recorders of deeds. Cooley Torts, 383, 387.

The case under examination is very different from that of an officer committing a direct and wilful tort, and, as is clearly shown by Judge COOLEY, radically different from that of an officer who has duties imposed upon him directly for the benefit of individuals. It is plain to us that the duty of collecting taxes is imposed upon the treasurer for the benefit of the public, and not for the benefit of individuals.

The complaint states no cause of action, and is so fundamentally bad as to be incurable by amendment, and the case, therefore, is one where the judgment should be affirmed on

the assignment of cross errors, without remanding it. *McCole* v. *Loehr,* 79 Ind. 430. As the complaint can not be made good, the appellant can in no event recover, and the result is that the judgment must be affirmed.

Judgment affirmed. .