McGirk, C. J.,
delivered the opinion of the Court.
This was an action of trover, brought by Vanzant & Co. v. Hunter, for eighty-six barrels of flour; plea, not guilty; issue joined and found, by the Court for the plaintiffs. This cause is brought here by appeal, on a case agreed, which is, in substance, as follows: That before the commencement of this action, one Bailey directed one Janes to proceed with a boat, then under his command, to Herculaneum, and there receive on board of the said boat, from the plaintiffs, a quantity of flour, to be carried to St. Louis; Janes did accordingly receive said flour from the plaintiffs, at Herculaneum, and put the flour on board of said boat, and at the time of the delivery of the flour, the plaintiffs directed Janes to deliver the flour to Wilkins or Catron, at St. Louis — (Wilkins and Cation are two of the plaintiffs.) After the boat had proceeded on her way from Herculaneum, Baily came on board and took the command of the boat; when the boat and cargo arrived at St. Louis, Bailey sold the flour to Hunter, he, Hunter, not knowing of the plaintiffs’ claim thereto; that after eighty-six barrels thereof were delivered to Hunter, Catron, one of the plaintiffs, called on Hunter, and demanded the flour of him for the plaintiffs. Hunter refused to give it up, alledging that he had bought it of Bailey, to whom it belonged. And said he had paid for it. After some dispute about the title of the flour, it was agreed between Catron and Hunter, that Hunter should keep the flour, and if the plaintiffs should show that it was their property, then Hunter Should pay the plaintiffs therefor, at the current price, which was $8,50 or $9 per barrel; 'and Hunter sold some of the flour, afterwards, to one Hull. On this state of the case, the defendant in the Court below, insisted that the plaintiffs could not recover in this form of action, on the ground that the possession of the defendant, and the detention of the flour by him, became lawful by the acquiescence of the plaintiffs, and that the action of assumpsit was only proper in this case. Second — that the plaintiffs, before they commenced their action, ought to have shown the flour belonged to them. Third— That the evidence adduced on the trial was insufficient in law, to establish the property in the plaintiffs, all of which was, by the Court, overruled, and judgment for plaintiffs, to reverse which, the cause was brought here, and the same points insisted on here, by the appellant.
The first question is, could the plaintiffs recover in this form of action? The agreement is, that the defendant is to keep the flour, and if the plaintiffs should show, *52 it belonged to them, the defendant should pay the current price therefor. Here the only thing obligatory on the plaintiffs, is, that they would not disturb the defendant’s possession, so that the flour might go to market free from hazard, as to who had the right to sell. This was not a sale of the plaintiffs’ right to the value of the flour, and the agreement on that point was, if the plaintiffs should show their right, then Hunter was to pay them. The plaintiffs did not here stipulate to show their right, but it was agreed, if that event should take place, then a certain consequence was to follow. We, therefore, think, that the plaintiffs’ right to bring trover, was not in anywise impaired by this agreement, and that the action is well brought; and we will not now undertake to show what ought to have been done, to entitle the plaintiffs, in this case, to maintain assumpsit; it is enough that they are entitled to the action of trover. The second proposition is, that the plaintiffs ought to have shown the flour to belong to them, before they could maintain their action. This might, possibly, have been true, if the action had been assumpsit; but this objection is answered, by showing this was not stipulated for as a condition p -ecedent,but that certain consequences were agieed to follow, if a certain event happened, and this cannot impair the plaintiffs’ original right to bring the action of trover. The third objection is, that the testimony is not sufficient in law, to enable the plaintiffs to recover, inasmuch as it does not show the property in the plaintiffs. The testimony does show the flour was in possession of plaintiffs, before Hunter’s possession commenced. We see how Hunter’s possession did commence, and that it was in contravention of the plaintiffs’; this previous possession is, in general, sufficient evidence "of title. Here Hunter founds his right on Bailey’s right, and shows no right of Bailey, other than (as the case stands) a tortious possession against the plaintiffs; so Bailey’s possession being shown to be, either the possession of the plaintiffs, or tortious, the right recurs back to the plaintiff,’ first possessior which is good against all but the rightful owner, and they are, in law', taken to be the rightful ow'ners, till the contrary appears. We think this evidence sufficient in law, to maintain the action.
Let judgment, therefore, be affirmed with costs.