Webb & Hepp vs. Morgan, McClung & Co.

---

WEBB & HEPP vs. MORGAN, McCLUNG & CO.

1. Under the new statute regulating "practice in courts of justice," the assignee, to whom a promissory note has been assigned for collection, may sue in his own name. He is the "real party in interest," within the meaning of that act.

## APPEAL from St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

The defendants in error commenced suit against plaintiffs in error in St. Louis Court of Common Pleas on the 13th July, 1849, on a promissory note, dated 20th Feb'y, 1848, payable to L. M. Wiley & Co., at the office of Loker, Renick & Co., in St. Louis, Mo., for $344, eight months after date. On the 1st July, 1849, Wiley & Co. assigned the same to plaintiffs in court below. The petition describes another note for $343, executed and endorsed as the one first named. By the answer of Webb, one of the plaintiffs in error, he admits the execution of the notes sued on but denies that the defendants in error were the owners of said notes and states that said Wiley & Co. were the only persons really interested in said notes. Hepp, the other plaintiff in error, answers in substance the same as Webb. Judgment was rendered by the court below for the amount claimed, interest, &c. A motion for a new trial was filed and overruled.

It appears that on the trial below the defendants in error admitted that they had no interest in the notes, and were acting merely as agents for Wiley & Co., to collect the same. The rea-

sons contained in the motion for a new trial are that the court erred in entering judgment against plaintiffs in error. That the verdict and finding of the court below were against evidence, against law, and against law and evidence.

## HUDSON, for appellant.

I. The question involved in this case is one arising under the provisions of the act of our last legislature concerning practice in courts of justice. By reference to art. 3, sec. 1, of that act, it will be seen that the statute requires that every civil action must be prosecuted in the name of the real party in interest. The object of the legislature, it is contended, in the enactment of the law, was to require the persons really interested to prosecute and defend, as it is in another section of the same act made imperative on all persons, filing petitions, answers, &c., to verify the same by affidavit. The statute excludes the idea that a fictitious person, or one having no interest in the subject matter could maintain an action. It will be seen by comparing the section above noticed, with sec. 597, p. 243, of the New York Code of N. York, that the section in our statute is copied verbatim from the New York code, with the exception that the word "civil" in our act is inserted before the word "action." In New York, the section in question has attracted the attention of one of the ablest jurists of that State, and received the construction, and if correctly treated by the author, settles the question in this case. See Monell's Treatise, p. 9 to 14.

The 5th sec. of article 3 of the act concerning practice, further provides that all persons having an interest in the subject of the action may join &c. The word may in this sec. should be construed shall, as it will be seen in the 7 sec. of the same article, that all persons in interest shall join &c.

The object of the legislature in passing the practice act, was to effect a radical and thorough reform in practice and pleadings in courts of justice—to abolish ancient forms, and to simplify and narrow down the questions in dispute, to the true issue between real parties. This object would not be accomplished if any man, who might obtain possession of negotiable paper, and had no interest in it, were permitted to maintain an action in his own name. Can it be said that such a holder would be the party really interested in the subject of the action? Could such holder answer that the maker of the note owed him the amount specified on the face of the instrument? He could not, if he had any regard for the truth.

In this case the admission is on the record, that defendants in error had no interest in the subject matter of this suit. It also appears that there are others interested, and should have been plaintiffs below. The words in the statute, "the party really interested," mean something more than the mere holder of an instrument, who, in no event could gain or lose anything by the result of an action founded on the same. How can it be said that the defendants in this case are the parties interested? They will in no contingency be benefitted or prejudiced.

The statute designates the persons other than the party in interest, who may maintain suits, and it will be seen, by reference to the act, that the defendants are not of the excepted class.

It is admitted on the record, that plaintiffs below were the mere *agents* of the real owners of the notes sued on. It is expressly stated in Monell, p. 10, that an agent cannot in a case like the one under consideration, maintain an action in his own name.

## KIRTLEY, for appellee.

The only question arising here, is, whether the plaintiffs' assignees of the notes sued on, could institute this action as such assignees.

By the 1st sec. of art. 3 of the new code, it is provided that every civil action must be

Webb & Hepp vs. Morgan, McClung & Co.

prosecuted in the name of the real party in interest except as otherwise provided in the next section.

The 2d § provides a person expressly authorised by statute may sue in his own name without joining with him the person for whose benefit the suit is prosecuted. See Acts of 1848-9, p. 75.

By the 2d § of the act of 1845, it is provided that all bonds and promissory notes for money or property, shall be assignable by an endorsement on such bond or note, and that the assignee may maintain an action thereon in his own name in like manner as the obligee or payee might have done. See Laws Mo. 1845, p. 190. The language of this section embraces these plaintiffs and this case, and was, I apprehend, so thought of and intended by the legislature in passing the new code. Sec. 2 Co. R. p. 1, Bos. vs. Seaman, et al.; also, Grenell vs. Smidt, 3 Co. R. p. 19.

RYLAND, J., delivered the opinion of the court.

The only question arising in this case is, can an assignee to whom a promissory note has been assigned for collection, bring the suit on the note in his name as assignee, under the new statute regulating the "practice in courts of justice?" The appellants who were defendants below contend that the plaintiffs below cannot maintain their action, under the above mentioned statute, because they say that the said plaintiffs were not the party really interested in the suit.

The first section of the 3d art. of said act is as follows: "Every civil action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section.

"2d SECT. An executor or administrator, a trustee of an express trust, or a person expressly authorised by statute, may sue, in his own name, without joining with him the person for whose benefit the suit is prosecuted.

SECT. 3. In case of an assignment of a thing in action, the action by the assignee shall be without prejudice to an off-set, or other defence, existing at the time of, or before notice of the assignment; but this section shall not apply to bills of exchange, nor to promissory notes for the payment of money expressed on the face thereof, to be for value received, negotiable and payable without defalcation."

, By the act concerning "Bonds and Notes," passed in 1845. See Rev. Code, 1845, p. 190—"all bonds and promissory notes for money or property shall be assignable by endorsement on such bond or note, and the assignee may maintain an action thereon in his own name against the obligor, or maker, &c.

There is no doubt that the Legislature did not intend by the new act concerning "practice in courts of justice," to repeal the law of 1845, concerning Bonds and Notes. They well knew that an assignee

could sue in his own name; and the 3rd section of the new act above quoted plainly implies the right of an assignee to sue in his own name. But in this case, it is said that the assignees have no interest; they are merely the agents for collection. We consider that the assignment to them creates in them such legal interest, that they thereby become the persons to sue. The assignment passes to them under the law of 1845, the legal title to the note, and make it their duty to sue—and we think the court below acted properly in overruling the defendants' motion, and in rendering judgment for the plaintiffs.

Whenever the evidence shews the endorsement in assignment of the note or bill of exchange or bond to the plaintiff, that assignment makes such plaintiff the party in legal interest; and authorises the action in his name.

We cannot believe that the Legislature intended that the courts should permit a defendant to come forward with such a matter of defence as is here set up. If he has a valid claim or defence against the original, (Payee,) he can avail himself of it under the statute; see sec. 3, above quoted.

We think the design of the court below most consonant with the principles of law, and best calculated to promote right and justice.

Judge NAPTON concurring, it is therefore agreed that the judgment below be affirmed.