McCandless et al. v. Moore et al.

---

WILLIAM V. McCANDLESS AND WILLIAM HENRY, JR., Appellants, v. DANIEL MOORE AND ISADORE JONAS, Respondents.

1. *Mortgage—Personal property—Sale of mortgaged property by mortgagor— Rights of parties—Trover.*—The vendee of a mortgagor of mortgaged personal property has only the rights of the mortgagor. The mortgagee in possession is not a naked depositary, but has possession coupled with an interest, and is damaged by an unlawful conversion of the property to the extent of that interest; and he can recover for such conversion against the mortgagor, or the mortgagor's vendee.

*Appeal from Cameron Court of Common Pleas.*

*McCandless & Henry, Jr.,* for appellants.

Possession of property as bailee for certain purposes, or as a pawn or pledge in any manner to secure a debt, whether evidenced by mortgage or not, is sufficient to authorize a recovery

by such possession against any other person for damaging or converting the same to his own use. (2 Greenl. Ev. 612–14, note, § 637; 1 Blackst. Com. book 2, pp. 318, 396.) The mortgage is sufficient of itself to authorize a recovery. It vested the legal title in plaintiffs, and authorized them to take possession of the cow; and no sale or other disposition of the cow by Langley afterwards could affect plaintiffs' right under the mortgage, since they took possession immediately and never abandoned it. (King v. Bailey, 8 Mo. 332; Ferguson v. Thomas, 26 Me. 499; Sexton v. Monks, 16 Mo. 156.)

BLISS, Judge, delivered the opinion of the court.

This suit was brought for the value of a cow, and the evidence tended to show that one Langley executed to the plaintiffs his promissory note for $50, and secured it by a mortgage upon the cow, and delivered possession; and that, while in the possession of their agent, she was taken and sold to defendants by Langley's wife, and was by them slaughtered. It was left doubtful by the evidence whether the title was absolutely surrendered to the plaintiffs after the mortgage, or whether the property was still held under it; and the court held that if the cow was held under the mortgage, the plaintiffs could not recover.

It is not suggested what would be the remedy of one who holds possession as mortgagee if the property was taken and converted, although by the mortgage he certainly would have the right to pursue and reclaim it; but, if placed beyond his reach, has he no claim for compensation? He is not a naked depositary, but holds the possession, coupled with an interest; has a special property in the goods, and is damaged by their unlawful conversion to the extent of that interest. Admitting that defendants had all the interest of the mortgagor and stood in his shoes, that does not help them. They can have no greater interest; and, as against the mortgagor, the right of a mortgagee in possession to recover for the conversion of the mortgaged property is undoubted. (2 Greenl. Ev., 8th ed., § 637 and note.)

No question is raised in regard to the right of defendant as an innocent purchaser, nor could it arise if the possession were in

the plaintiffs. If the mortgagor surreptitiously obtained possession and sold to defendants, no more title would pass than by any other felonious act.

Judgment reversed and cause remanded. The other judges concur.