| 17 | 577 |
| 43 | 77 |
| 17 | 577 |
| 64 | 349 |

G. C. BUDDINGTON ET AL., Appellants, v. A. MAST-
BROOK, Respondent.

### May 5, 1885.

CHATTEL MORTGAGE—MORTGAGEOR MAY MAINTAIN TROVER.—The
mortgageor of a chattel, who remains in possession with the con-
sent of the mortgagee after condition broken, may maintain
trover against a third person who has wrongfully converted it.

APPEAL from the St. Louis Circuit Court, LUBKE, J.
*Reversed and remanded.*

WEBB & BUTLER, for the appellants: Possession is
sufficient to enable one to maintain trover against any
one except the rightful owner.— *Vanzant* v. *Hunter*, 1
Mo. 71; *Turleg* v. *Tucker*, 6 Mo. 583; *Sparks* v. *Purdy*,
11 Mo. 222; *McCandless* v. *Moore*, 50 Mo. 511; *Parker*
v. *Rodes*, 79 Mo. 91.

CREWS & BOOTH, for the respondent: After condi-
tion broken the title of mortgaged property is with the
mortgagee.—*Lacy* v. *Giboney*, 36 Mo. 320; *Bowens* v.
*Benson*, 57 Mo. 26.

THOMPSON, J., delivered the opinion of the court.

This was in the nature of an action of trover, com-
menced before a justice of the peace, to recover dam-
ages for the conversion of a chattel. The plaintiff was
the mortgageor of a chattel, in possession thereof with
the consent of the mortgagee, though after condition
broken. The defendant, a stranger to the mortgage,
seized upon and converted the chattel, and the plaintiff
brought this action for damages. The court nonsuited
the plaintiff.

The only question for decision is whether the mortgageor
of a chattel, after condition broken, but before the mort-
gagee has taken or demanded possession, may maintain
an action for damages against a stranger to the mort-
gage, for its conversion. The learned judge of the cir-

cuit court held that he can not; proceeding upon the ground that the mortgageor, under such circumstances, is not the real party in interest, within the meaning of Revised Statutes, section 3462. We are unable to agree with this conclusion.

Undoubtedly the title to a mortgaged chattel, after condition broken, passes to the mortgagee, so that he can maintain replevin for the same, as against the mortgageor or any other person.—*Lacy* v. *Giboney*, 36 Mo. 320; *Bowens* v. *Benson*, 57 Mo. 26; *McCandless* v. *Moore*, 50 Mo. 511. But it does not follow from this that if the mortgagee chooses to allow the mortgageor to remain in possession, the latter does not retain such a special property in the chattel as will enable him to maintain an action in the nature of trover against a third person who has wrongfully converted it. It is elementary knowledge that such an action could be maintained at common law. Indeed, the rightful possession of a chattel was sufficient at common law to enable the possessor to maintain trover in respect of it, against any one except the rightful owner. This has not been doubted since the leading case of *Armory* v. *Delamirie* (1 Str. 504; S. C. 1 Sm. L. C. 374), where it was ruled that the finder of a jewel might maintain trover for a conversion thereof by a wrong-doer. This doctrine has been either ruled or recognized in several cases by our supreme court, both before and since the code.—*Vanzant* v. *Hunter*, 1 Mo. 71; *Turley* v. *Tucker*, 6 Mo, 583; *Parker* v. *Rodes*, 79 Mo. 88, 91. "Trover," said Napton, J., "may be maintained for taking goods wherever trespass will lie."—*Ireland* v. *Horseman*, 65 Mo. 511, 513. "Possession," said Bakewell, J., "is sufficient to enable the possessor to maintain trespass. Proof of actual possession by the plaintiff at the time of the trespass, in all cases suffices to maintain the action against a mere wrong-doer—a naked possessor who shows no title."—*Hickey* v. *Hazard*, 3 Mo. App. 480, 486.

It was the intention of the above named section of our practice act to prevent the prosecution of actions by, or

in the name of, persons having no interest whatever in the subject matter of the suit, or in the name of fictitious parties ; but it was not designed to abolish or narrow any right of action existing under the common law. In order to prevent the misconstruction of the section in question, the framers of the code made, in the succeeding section, among other exceptions, one of the most general character, by enacting that the trustee of an express trust may sue in his own name, without joining with him the person for whose benefit the suit is prosecuted. And, to prevent any misunderstanding of this exception, a trustee of an express trust was defined to exclude "a person with whom or in whose name a contract is made for the benefit of another."—R. S., sect. 3463. Now, a person who holds a chattel belonging to another, upon an agreement made with that other, to keep it, or to do something with it or to it for that other, is undoubtedly the trustee of an express trust within the meaning of this section. It is upon this ground that our supreme court has placed the right of one who holds a promissory note belonging to another for collection merely, to maintain an action thereon in his own name (*Beattie* v. *Lett*, 28 Mo. 596) ; though an earlier decision of the same court placed it upon the ground that he was "the real party in interest," within the meaning of the preceding section.— *Webb* v. *Morgan*, 14 Mo. 428. Upon similar grounds where a broker had sold land as the agent of the owner, had received the purchase money, and had delivered it to an express company for transmission to the owner, by whom it was lost ; it was held that such broker might maintain an action for it against the company, he being in respect of it the trustee of an express trust.—*Snider* v. *Adams Exp. Co.*, 77 Mo. 523 ; see also *Simmons* v. *Belt*, 35 Mo. 461 ; *Cummings* v. *Kohn*, 12 Mo. App. 585 ; *Harney* v. *Dutcher*, 15 Mo. 89 ; *Wright* v. *Tinsley*, 30 Mo. 389 ; *Taylor* v. *Steamboat*, 20 Mo. 254.

Applying these principles to the case before us, it cannot be doubted that the mortgageor of a chattel, after condition broken, stands toward the mortgagee in the at-

titude of a trustee of an express trust. The general ownership of the chattel has passed by operation of law to the mortgagee ; the mortgageor, thereafter, so long as he is permitted by the mortgagee to hold it, holds it in trust for the mortgagee ; and he must have it forthcoming whenever the mortgagee demands possession, or he is answerable to the mortgagee in damages for its conversion.—*McCandless* v. *Moore*, 50 Mo. 511. Obviously, it will be no defence to such an action for the mortgageor to show that the chattel was taken wrongfully from him by a third person, unless he can also show that he has used reasonable diligence, by resorting to legal process or otherwise, to protect his possession of it, in order that the mortgagee may have it when he demands it.

Whether, then, the mortgageor is regarded in respect of his special property in the chattel and his right to the possession thereof as against all persons save the mortgagee ; or whether he is regarded as the trustee of an express trust in respect of the chattel, for the mortgagee ; it clearly appears that he may maintain an action for damages for its conversion against any other person than the mortgagee.

The judgment of the circuit court is accordingly reversed and the cause remanded. All the judges concur.