FELIX G. LOGAN, Respondent, v. THE WABASH WESTERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, December 23, 1890.

1. **Destruction of Property Through Negligence:** MORTGAGOR'S RIGHT OF ACTION. A mortgagor in the possession of the mortgaged property can recover its value, if it be destroyed through the negligence of a stranger—in this case the negligence of a railway company. And this is true as to personalty which is subject to a chattel mortgage, the condition of which was broken at the time of the destruction of the property.

2. **Railroads:** DESTRUCTION OF PROPERTY THROUGH SPARKS EMITTED FROM LOCOMOTIVE. In an action against a railway company for the destruction of property near its tracks through the emission of sparks from one of its locomotives, the escape of fire from the locomotive is *prima facie* evidence that the engine was defective, and authorizes a presumption of negligence on the part of the railway company.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Geo. S. Grover*, for appellant.

(1) The plaintiff is not the real party in interest, and, therefore, cannot maintain this action. R. S. 1879, secs. 3462, 3463 ; R. S. 1889, secs. 1989, 1990 ; Perry on Trusts, sec. 328 ; Jones on Chat. Mort., sec. 699 ; Jones on Mortgages [ 4 Ed. ] secs. 695, 708 and 709 ; 4 Kent, 310 ; *Robinson v. Campbell*, 8 Mo. 365 ; *Walcop v. McKinney*, 10 Mo. 230 ; *Meyer v. Campbell*, 12 Mo. 604 ; *Harney v. Dutcher*, 15 Mo. 90 ; *Bergesch v. Keevil*, 19 Mo. 127 ; *Miles v. Davis*, 19 Mo. 409 ; *Gibbons v. Gentry*, 20 Mo. 468 ; *Richardson v. Means*, 22 Mo. 498 ; *Lacy v. Gibony*, 36 Mo. 320 ; *Sutton v. Mason*, 38 Mo. 120 ; *Johnson v. Houston*, 47 Mo. 227 ; *Reddick v. Gressman*, 49 Mo. 389 ;

*Pace v. Pierce*, 49 Mo. 395 ; *Rogers v. Gosnell*, 51 Mo. 466 ; *Barnett v. Timberlake*, 57 Mo. 499 ; *Parker v. Rodes*, 79 Mo. 88 ; *Siemers v. Shrader*, 88 Mo. 20 ; *Lancaster v. Ins. Co.*, 92 Mo. 460 ; *Chouteau v. Boughton*, 100 Mo. 406 ; *Meyers v. Hale*, 17 Mo. App. 204 ; *Beck v. Haas*, 31 Mo. App. 180 ; *Railroad v. Nolan*, 48 N. Y. 513 ; *Davis v. Railroad*, 11 Cush. 506 ; *Byron v. Chapin*, 113 Mass. 308 ; *Searle v. Sawyer*, 127 Mass. 491 ; *Wilbur v. Moulton*, 127 Mass. 509 ; *James v. City of Worcester*, 141 Mass. 361 ; *Sherwood v. City of LaFayette*, 109 Ind. 411. ( 2 ) The court gave erroneous instructions at the plaintiff's request. *Huff v. Railroad*, 17 Mo. App. 356 ; *Kenny v. Railroad*, 70 Mo. 243 ; *Palmer v. Railroad*, 76 Mo. 217 ; Bouvier's Law Dictionary, title, Prima Facie, also title, Presumption.

*W. A. Carter, Claude R. Ball, Jas. F. Ball* and *Jno. M. Barker*, for respondent.

( 1 ) The appellant has no right to defend upon the ground of defect of parties, or outstanding mortgages, except the defense be made by demurrer or answer. R. S. 1879, secs. 3515, 3519 ; R. S. 1889, secs. 2043, 2047 ; *Mueller v. Kaéssmann*, 84 Mo. 329, 339 ; *Hagar v. Graves*, 25 Mo. App. 164 ; *Horst-Kotte v. Menier*, 50 Mo. 158 ; *Dun v. Railroad*, 68 Mo. 268 ; *Walker v. Deaver*, 79 Mo. 664 ; 53 Mo. 364 ; *Hicks v. Jackson*, 85 Mo. 283 ; *Foster v. Wulfing*, 20 Mo. App. 85 ; *State ex rel. v. True*, 20 Mo. App. 176 ; *Shockley v. Fischer*, 21 Mo. App. 551 ; *Planing Mill v. Church*, 54 Mo. 520. ( 2 ) A mortgagor does not divest himself of his estate by a mortgage only. *Imp. Co. v. Thurman*, 29 Mo. App. 186 ; *Bascom v. Rainwater*, 30 Mo. App. 483 ; *France v. Thomas*, 86 Mo. 80 ; *Sexton v. Anderson*, 95 Mo. 373 ; *Hagardine v. Henderson*, 97 Mo. 375. A mortgagor, until condition broken, is the legal owner as against the mortgagee. *Masterson v. Railroad*, 72 Mo.

342, 347 ; *Ryan v. Carr*, 46 Mo. 284. And he is the legal owner all the time down to foreclosure as against everybody else than the mortgagee. *Kennett v. Plummer*, 28 Mo. 142 ; *Woods v. Hilderbrand*, 46 Mo. 284 ; *Hardwick v. Jones*, 65 Mo. 54, 60 ; *Mfg. Co. v. Gapen*, 22 Mo. App. 397, 401. And he has a perfect right to sue as long as he is the possessor ; this last proposition is expressly so decided by this court as having always been the law. *Buddington v. Mastbrook*, 17 Mo. App. 577, and cases cited. ( 3 ) The instructions allowed by the court fully and fairly presented the case. The plaintiff's second instruction complained of by appellant is a copy of one approved by the supreme court in case of *Coale v. Railroad*, 60 Mo. 226, 230. Respondent further relies on the same authorities cited by appellant in his second point, viz.: *Huff v. Railroad*, 17 Mo. App. 356, and other cases.

BIGGS, J.—The plaintiff sues to recover the value of a saw and grist mill which, it was alleged, had been destroyed by fire through the negligence of the defendant in operating its road. It was averred that the mill belonged to the plaintiff, and was located near the right of way of the defendant's railroad ; that it was set on fire by sparks escaping from a defective locomotive ; that the building, machinery, and a large quantity of corn, wheat, etc., were destroyed, of the value of $2,300. On the trial there was a judgment in the plaintiff's favor for $900. The defendant on this appeal urges the following reasons for reversal : *First.* That the undisputed evidence shows that the plaintiff is not the real party in interest ; *second*, that the plaintiff's instructions did not properly present the issues to the jury ; *third*, that the defendant's refused instructions should have been given.

I. The first assignment of error is predicated on the claim that, at the time of the destruction of the mill and the machinery, the plaintiff was not the owner. It

was disclosed by the evidence that, on the tenth day of
March, 1888, the plaintiff delivered to H. B. Goodrich a
chattel mortgage, conveying all property connected with
the mill, except the building, to secure a third party
in the payment of a note for $125. When this debt
became due, the plaintiff was permitted to remain in
the possession of the property. While the plaintiff was
thus in possession, the property was burned. It was
also developed that, on the twenty-sixth day of April,
1888, the plaintiff delivered to William Morsey a deed
of trust, in which the mill property was conveyed in
trust to secure Fred Young in the payment of a note for
$100. This note was not due at the time of the fire.
The position assumed by the defendant is to the effect
that, as a portion of the damages sued for grew out of
an alleged permanent injury to the estate itself, it was
necessary to a recovery in respect of this item of dam-
ages for the plaintiff to show that he was the absolute
owner of the property; and that, as to the machinery
and fixtures, no recovery could be had, unless it
appeared that the plaintiff was the actual owner.

We think it proper to state in this connection that
the mortgage and deed of trust are not copied into the
bill of exceptions, as they should have been. The
defendant relies on these conveyances to defeat the
action, and it would have been much more satisfactory
to us, if the mortgages had been set out in the tran-
script, so that we might know for certain their terms
and legal effect. But, as the plaintiff's counsel have
made no objection, we will assume that the conveyances
were in the usual form. The defendant's contention is
that the deed of trust vested the title to the land in
Morsey, the trustee; that the absolute title to the
machinery and fixtures became vested in Goodrich after
the maturity of the debt mentioned in the chattel mort-
gage; that, by reason of these facts, the right to sue
belonged to Morsey and Goodrich, and not to the
plaintiff.

We have read with interest the authorities relied on by the defendant to support this position, but we cannot understand how the doctrine of those cases can be applied to this case, when the law of this state as to the nature of a mortgage is considered. It is the recognized law, in support of which we need not cite cases, that in this state a mortgage of real estate, although a conveyance in fee upon a condition, is merely a security for a debt, and so remains even after condition broken. Until there is a sale under the mortgage, the mortgagor is regarded as the beneficial owner. It is true that the mortgagee, after condition broken, has the right of entry, and may maintain ejectment if this right is denied him, but, whenever and however he gets possession, he must hold the premises for the mortgagor and apply the rents to the extinguishment of his debt. As soon as the debt is paid, all his right and title are determined by operation of law. Therefore, strictly speaking, a mortgage is only a lien upon, and not a title to, land. It will be observed, however, in this case that, at the time the mill was burned, the debt secured by the deed of trust on the land was not due. At that time, although the legal title to the land was nominally vested in Morsey, yet he neither had the possession nor did he have the right to the possession. The plaintiff was for every purpose the owner, and, until default in the payment of the debt, he alone was entitled to the possession. *Masterson v. Railroad*, 72 Mo. 342. We are unable to understand, as argued by the defendant's counsel, that one who has neither the title, the possession, nor the right of possession of land, can maintain an action for a negligent injury thereto. Under the decisions in this state the conclusion seems to be irresistible that the mortgagor in possession, at least until condition broken, is the only person who can maintain an action for a negligent injury to the mortgaged premises. If the mortgagee had the possession, whether the debt was due or not, his right to maintain an action for a

negligent injury to the mortgaged premises could not very well be questioned. Such a right of recovery would be based upon the fact that he had the actual possession, coupled with a beneficial interest in the land itself. Whether the mortgagee, after condition broken, could maintain an action for a mere negligent injury to the premises, while in the possession of the mortgagor, is a different question, which we are not called upon to decide in this case.

The New York courts have denied the right of the mortgagee to sue for injuries negligently done to the mortgaged premises, but they make a distinction between injuries negligently committed, and those arising from a *fraudulent intention* to injure the mortgagee by committing waste upon the mortgaged premises. In the case of *Gardner v. Heartt*, 3 Denio, 232, the court, after reviewing the early decisions, concluded that for negligent injuries the mortgagee could not sue, but that for fraudulent injuries the action might be maintained. It was said: "The principle of these authorities ( *Yates v. Joyce*, 11 John. 136 ; *Lane v. Hitchcock*, 14 John. 213 ; *Bank v. Mott*, 17 Wend. 554 ) decides this case. They show conclusively that without a fraudulent intention on the part of the defendant to injure the plaintiff ( the mortgagee ), the action will not lie ; it is not enough to prove that the act done was one of negligence and inattention. Fraud and negligence are by no means identical in their nature or effect. Fraud is a deceitful practice or wilful device, resorted to with the intent to deprive another of his right, or in some manner to do him an injury. It is always positive ; the mind concurs with the act ; what is done, is done designedly and knowingly. But in negligence, whatever may be its grade, there is no purpose to do a wrongful act, or to omit the performance of a duty." In the present action we have a case of simple negligence, in which there was no intention to do a wrongful act.

In the case of *Chouteau v. Boughton*, 100 Mo. 406, relied on by the defendant, it appeared that when the injuries were done to the land, the trustees of the beneficiaries under the deed of trust were in possession. By the terms of the deed of trust the possession was vested in the trustees; hence the court held that Chouteau, who was one of the original beneficiaries, could maintain the action against Boughton for cutting and carrying away the timber from the land, as it was averred in the petition, and made to appear by the evidence, that Chouteau had purchased the interest of the other beneficiaries.

We now come to the consideration of that branch of the case involving the machinery and fixtures described in the chattel mortgage. It is a matter of common learning, concerning which there is no conflict in the books, that the title to mortgaged goods, after condition broken, vests absolutely in the mortgagee. After the maturity of the debt the mortgagor is divested of all title to the property, and his previous right of redemption becomes a bare equity—a mere chose in action—which cannot be seized or sold under an execution against him. That the plaintiff in this case was not the beneficial owner of the machinery and fixtures must be conceded; but it does not follow that a recovery, in this action for their destruction cannot be upheld. When Goodrich permitted the plaintiff to retain possession of the goods after the maturity of the debt, this constituted the latter a bailee of the goods (*Stewart v. Slater*, 6 Duer. 83, 99; *Tallman v. Jones*, 13 Kan. 438; *Buddington v. Mastbrook*, 17 Mo. App. 577; *Roach v. Type Foundry*, 21 Mo. App. 118), and he became answerable over to Goodrich, his bailor, for injuries to the goods committed by a stranger. Therefore, the plaintiff's recovery is sustainable upon the ground that he must answer to his bailor for the damages inflicted by the negligence of the defendant. It is upon the same

principle that a common carrier is permitted to recover from a stranger the full value of goods entrusted to his custody for transportation ; and in like manner a tenant for years may sue a stranger for permanent injuries to buildings on the leased premises.     In the one case, the carrier must answer to the owner, and in the other, the tenant must answer to his landlord.     A recovery by the carrier or tenant in either case, and a satisfaction of the judgment, would bar any other action against the wrong-doer.     So in the case at bar; the satisfaction of the present judgment would be an effectual bar to any claim that Goodrich might have.     In the case of *Bud-dington v. Mastbrook, supra*, this court decided that, when mortgaged property was suffered to remain in the possession of the mortgagor after the mortgage debt became due, he held the property in the capacity of a trustee of an express trust, and he could maintain an action in his own name for its conversion.

Our conclusion is that the suit was properly brought in the plaintiff's name, and that the first assignment must be ruled against the defendant.

II.     Plaintiff's first instruction is inartifically drawn, but it is not open to serious objection.     It, in effect, told the jury that the escape of fire from the defendant's engine was *prima facie* evidence that such engine was defective, and that this would authorize a recovery, if the fire was communicated to the plaintiff's mill, unless the defendant introduced evidence tending to rebut the inference of negligence by the defendant in running a defective engine over its road.     This is in harmony with all the decisions of this state on that subject.     The objection, that the instruction, under the allegation of negligence as made in the petition, ought to have been more specific, we think is untenable.     We can see no valid reason why the usual instructions applicable to such cases should not apply in this case.

Special objection is made to the plaintiff's second instruction, which reads as follows:  "The court

instructs the jury that, if they believe from the evidence that plaintiff's property was destroyed by fire thrown from a passing engine of defendant, while being run on defendant's railroad, then the jury *may presume* negligence arising from a defective engine on the part of defendant.'' The contention is made that, under this instruction, mere proof of the escape of fire from a passing engine raised the legal presumption that the defendant's engine was defective ; and this was equivalent to a direction to find for the plaintiff. The instruction does not tell the jury that they *must*, but that they *may, · presume* negligence. The entire argument of counsel is based on a misconception of the language of the instruction. Besides the jury could not have understood from it that the mere fact that sparks escaped raised a conclusive presumption that the engine was defective, because they were told by the defendant's second instruction that the plaintiff could not recover from the mere fact that sparks did escape, unless they further believed from the evidence that the engine was defective.

What we have said disposes of the assignment in reference to the other instructions. Finding no error in the record, we will affirm the judgment. Judge THOMPSON concurs in this opinion as written. Judge ROMBAUER concurs in the result.