LOUIS HUSS, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, April 2, 1900.

1. **Railroads: KILLING STOCK: NORTH MISSOURI CHARTER: ACT OF 1868: DANIELS CASE.** The provision of the act of 1868 transferring the state's claim on the North Missouri railroad to Blow et al., in relation to fencing said railroad superseded the charter provisions on the subject of fencing. And said act is supplemented by the general statute on that subject and the defendant is liable for double damages for killing stock although the successor of the North Missouri. Daniels v. Railroad, 62 Mo. 43, not followed since the act of 1868, was not called to the courts attention.

2. ——: ——: ——: ——: **ACCEPTANCE.** In order to hold defendant for double damages it must be shown that its predecessor, the North Missouri Railroad company, accepted the act of 1868.

3. ——: ——: **DOUBLE DAMAGES: HARNESS.** A railroad is not liable for double damages for injury to harness on a horse which it killed.

4. ——: ——: **TENANT.** In the double damage act a tenant is a proprietor of the land and as such falls within the terms of the statute.

5. ——: ——: **MORTGAGED HORSE: ACTION.** The mortgagor of a horse if still in possession may maintain an action for its injury against a railroad company though the mortgage is past due.

Appeal from the Chariton Circuit Court.—*Hon. John P. Butler*, Judge.

REVERSED AND REMANDED.

*Geo. S. Grover* for appellant.

(1) An action can not be maintained under section 2611 of the Revised Statutes of Missouri for the harness

destroyed; and, as the verdict and judgment below was for a lump sum, it can not now be separated from the remainder of the claim nor from the residue of the verdict nor judgment. (2) The defendant is not subject to the provisions of section 2611 of the Revised Statutes of Missouri. Daniels v. Railway, 62 Mo. 43. (3) The plaintiff in this action is not the real party in interest, as the right of action, after condition broken, vested in the mortgagee. R. S. 1889, sec. 1990; Parker v. Rodes, 79 Mo. 91; Myers v. Hale, 17 Mo. App. 204; Jones on Chattel Mortgages, sec. 699. (4) The owner never complained, so far as this record shows, of the condition of this gate. He was, therefore, presumed to be satisfied with it. If he was, no one else could complain. Harrington v. Railway, 71 Mo. 384. The instructions given at the plaintiff's request were erroneous. Barr v. City of Kansas, 105 Mo. 550. The instructions asked by defendant should have been given. Authorities cited *supra.*

*W. H. Bradley* for respondent.

(1) The law does not require a verdict for each item separately stated in plaintiff's petition in this case. It was for one cause of action and one count. Duncan v. Railway, 91 Mo. 67; Ringo v. Railway, 91 Mo. 667; Binicher v. Railway, 83 Mo. 660; Pucket v. Railway, 25 Mo. App. 650. (2) Gates are part of the fence and must be kept in repair or a railway company is liable for double damages. Busby v. Railway, 81 Mo. 43; Freet v. Railway, 63 Mo. App. 548; Hill v. Railway, 66 Mo. App. 184; Wood v. Railway, 51 Mo. App. 500; Henderson v. Railway, 81 Mo. 605. (3) If they fail to comply with this section they are liable for double damages for all stock killed, etc. And this section applies to every railroad corporation formed or to be formed

in this state. Hudson v. Railroad, 53 Mo. 525; and see opinion pp. 532, 533, 534; Box v. Railway, 58 Mo. App. 359; see language of court on p. 365; Kavanaugh v. Railway, 75 Mo. App. 78; Ringo v. Railway, 91 Mo. 667; Parks v. Railway, 20 Mo. App. 440; Donovan v. Railway, 89 Mo. 147; Slattery v. Railway, 55 Mo. 362; Saunders v. Railroad, 57 Mo. 117; Sparr v. Railroad, 57 Mo. 152; Hudson v. Railroad, 53 Mo. 525. (4) The plaintiff in this action is the real party in interest, and must sue in his own name. R. S. 1899, sec. 1900, p. 526; Logan v. Railway, 43 Mo. App. 71; Masterson v. Railroad, 72 Mo. 342. Defendant can not now complain for the first time in this court. Giraldin v. Howard, 103 Mo. 40. (5) The proprietor is the party to complain and the plaintiff herein is and was the proprietor of the premises where the defendant's defective gate led to the railway track. He was the lessee, and was the right party to sue. Geiser v. Railway, 61 Mo. App. 459.

ELLISON, J.—This is an action for double damages under section 2611, Revised Statutes 1889, brought for killing two horses and crippling another, occasioned by defective gate at farm crossing. Judgment in the trial court was rendered for double the damages ascertained by the verdict for plaintiff.

1. It is insisted by defendant that it was error to double the damages. The ground of this insistence is that defendant is the successor to the North Missouri railroad, the charter of which excluded double damages for killing stock, and that as such successor it is not now liable to anything more than single damages. Such was the decision of the supreme court in a case against the St. Louis, Kansas City & Northern Railway Company, successor to the North Missouri Company, and predecessor to defendant. Daniels

v. Railway, 62 Mo. 43. The charter provisions are as follows:

1. "When any part of said North Missouri railroad now constructed, or to be constructed, passes through any improved lands, it shall be obligatory on said railroad company to fence each side of said road with a good, lawful fence of rails or posts and plank, and after the lands are so fenced, the fence shall be maintained and kept in good order at the expense of the owner of said lands; and should the owner neglect to keep up said fence and keep gates closed, and stock belonging to the owner of said lands should be killed in consequence thereof, the said railroad company shall not be liable for the killing of stock where the road has been so fenced at the expense of the company." 2d. "When any portion of said road or its branches, now constructed, or to be constructed, shall pass through unimproved lands, the North Missouri Railroad Company shall not be required to fence such lands; but in the event of stock being killed by the carelessness of the running of trains by said company, it shall be required to pay the full value of said stock, and where stock shall not have been killed by carelessness in running trains of said company, it shall pay one-half of the value of all stock killed, and the carcasses of all animals killed shall belong to the owner of the animals killed; but when full compensation is made, the value of the carcass shall be credited, and only the actual loss paid."

In the Daniels case it was shown that the legislature had not attempted to change the charter, but that on the contrary the provision of the statute was such as to continue the operation of the charter as against the statute where they were inconsistent. The section there referred to has been carried down to the present time, being section 2665, Revised Statutes 1889 and section 1162, Revised Statutes 1899. It is as follows:

"All existing railroad corporations within this state, and such as may be hereafter chartered or formed, shall, respectively, have and possess all the powers and privileges contained in this article; and they shall be subject to all the duties, liabilities and provisions not inconsistent with the provisions of their charter herein contained."

An error in placing the words, "herein contained," has been allowed to remain in the statute, notwithstanding that attention was called thereto in the Daniels case. Those words should be placed between the words, "provisions" and "not," in the line next to the last. It will also be noticed that the printer has made Judge Napton say in the Daniels case "this charter" instead of "their charter."

So that but for another consideration, not brought to the attention of the court in the Daniels' case, we would feel bound to follow the authority of that case and hold this defendant exempt from double liability in stock cases of this character.

2. That consideration is this: In 1868 the following provision was inserted in an act transferring the claim of the state of Missouri against said road to Henry T. Blow and others, viz.: "The said company shall also be required to erect and maintain good and substantial fences on the sides of the said North Missouri railroad and its branches, where the same passes through, along or adjoining inclosed or cultivated fields or lands, any provision in the charter of said company, or any act amendatory thereto, notwithstanding." Laws 1868, p. 113, sec. 3.

In our opinion this provision was meant and intended to supersede and take the place of the charter provisions above quoted. Substituting the provisions of the act for the charter provisions, we find no mention of damage; or the amount thereof, or the remedy therefor. Hence we conclude that the provision for double damages in the general law is not in-

consistent with the charter as thus amended in 1868, and therefore does not come within the terms of section 2665, Revised Statutes 1889. The general law is a mere addition to, or is supplementary to, the charter provision. It is not inconsistent therewith.

So, in Busby v. Railway, 81 Mo. 49, a predecessor of this defendant as before stated, the act of 1868 was before the court and it was assumed as a matter of course that it fixed the obligation to fence, and though no point was made as to the propriety of double damages, they were there allowed.

3. We can not however, in the present state of the record, sustain the judgment for double damages since it was not shown that the North Missouri railroad company accepted the provisions of the act of 1868, aforesaid. In the Busby case it was so shown in an agreed statement of facts.

4. Plaintiff's total claim of damages was $95. Of this, $90 was for the horses and $5 for destruction of harness which was on one of the horses. The total verdict was for $95, so that it is apparent the harness claim was allowed. It was included in the sum doubled by the court. The statute does not authorize double damages for loss of, or injury to, harness, even though it is lost or injured by the act of killing the animal wearing it at the time.

5. Plaintiff was not the owner of the land. He was the occupier thereof as a tenant of the owner. From this it is claimed by defendant that as the owner had not complained of the gate through which plaintiff's horses escaped onto the track, that plaintiff could not. The full meaning of defendant's contention is that since the statute directs the construction of gates and crossings "for the use of the proprietors or owners of the land adjoining such railroad," it does not enure to the benefit of an occupying tenant. The position is unsound. Geiser v. Railway, 61 Mo. App. 463.

The statute covers a case of a tenant, for he is in the sense of the statute a proprietor of the land, and as such falls withins its terms.

6. It was shown that there was a mortgage on plaintiff's horses past due. From this it is claimed that he had no authority to maintain the action and that it should have been brought in the name of the mortgagee. But in our opinion, since the mortgagee has made no move in the matter, the mortgagor's right remains unaffected and he, being in possession, may maintain the action. Logan v. Railway, 43 Mo. App. 77; Parker v. Rodes, 79 Mo. 88, and Myers v. Hale, 17 Mo. App. 204, are not applicable.

Save in the respects herein indicated the cause was properly tried. The judgment will be reversed and cause remanded.

*Smith, P. J.*, concurs; *Gill, J.*, absent.